7029

## REYNOLDS & CRAFT v. SEABOARD AIR LINE RY.

CARRIER—FREIGHT,—At common law a terminal carrier is not liable to consignee for overcharge in freight caused by error of initial carrier in billing it unless the initial carrier contracted as agent of the terminal carrier, but under 24 Stat., 1, the connecting carrier, acting on the through bill of lading, becomes a party to the contract and is responsible for the error of the initial carrier.

Before WILSON, J., Lexington, February, 1908. Affirmed.

Action by Reynolds & Craft against Seaboard Air Line Railway. From Circuit judgment affirming judgment of Magistrate U. W. Jeffcoat, defendant appeals.

*Messrs. Efird & Dreher,* for appellant, cite: *Connecting carrier is only agent of initial carrier:* 19 S. C., 353. *Remedy of plaintiff is against initial carrier:* 6 Cyc., 495, Sec. f; 10 S. E. R., 1046.

*Mr. E. L. Asbill,* contra, cites: *Agent is responsible:* 1 Ency., 1131, 1130, note 2. *Plaintiff entitled to sue for excess:* 8 Ency., 934; 15 Rich. L., 307; 3 Ency., 864; 6 Cyc., 498; Cent. Dig., 905.

September 30, 1908. The opinion of the Court was delivered by

MR. JUSTICE WOODS. In July, 1905, the Southern Railway Company received at Fort Mill, S. C., a carload of machinery to be transported and delivered to the plaintiffs at Swansea, S. C. The bill of lading stated the weight at 41,700 pounds, and the freight rate at 28.4 cents per hundred pounds. As the Southern Railway does not reach Swansea, which is a station on the Seaboard Railway, the machinery was received from the Southern Railway at Columbia, and carried by the Seaboard to Swansea. The real weight of the machinery was 14,700 pounds, instead of 41,700 as stated in the bill of lading, but the Southern Railway Company had contracted with the plaintiffs that it should be charged for as 20,000 pounds in order that plaintiffs might receive the benefit of the carload rate of 28.4 cents per hundred pounds. The defendant, the terminal carrier, refused to deliver the machinery, except upon payment of $118, the freight on 41,700 pounds at the rate

stated in the bill of lading. The plaintiff under protest paid the charge exacted, and brought this action in a magistrate's court to recover from the Seaboard Railway Company the excess freight charge of $61.62, the difference between the freight on 20,000 pounds and 41,700 pounds at the agreed rate. As the facts appear in the record, there is no doubt of the plaintiffs' right to recover the excess charge, The only question is whether the plaintiffs must look to the Southern Railway Company and not to the Seaboard Railway Company. The judgment of the magistrate in favor of the plaintiffs against the Seaboard Railway Company was affirmed by the Circuit Court.

Under the common law rule, as settled by the adjudications in this country, a connecting carrier is not bound to comply with the contract as to freight rates fixed by the carrier issuing a through bill of lading, and is not responsible to the shipper for mistakes made in the bill of lading, unless the contracting carrier, in issuing the bill of lading, acted not only for itself, but as agent for the connecting carrier under authority express or implied. If by the bill of lading the initial carrier, without authority from the connecting carrier, agrees to transport goods for less than the regular rates of the connecting carrier, such connecting carrier may nevertheless collect its usual rates, and the shipper must look to the carrier with whom he contracted for damages for breach of its contract. The principle stated is recognized and applied in *Lewis* v. *Atlanta & C. A. L. R. R. Co.*, 25 S. C., 249, and also in the following cases in other States: *Detroit, etc., R. R. Co.* v. *McKenzie* (Mich.), 5 S. W., 1031; *Scheider* v. *Evans*, 25 Wis., 241, 3 Am. Rep., 56; *Mount P. M'f'g Co.* v. *Cape Fear & Y. V. R. Co.* (N. C.), 10 S. E., 1046; *Goodin* v. *So. Ry. Co.*, 125 Ga., 630; *Crosson* v. *N. Y., etc., R. Co.* (N. Y.), 14 Am. St., 408.

So, also, it would seem on the same principle, if the shipper makes a contract with the initial carrier, evidenced by a bill of lading which calls for an overcharge of freight to

25—81

be paid before delivery of the goods, the terminal carrier, receiving the goods to be delivered on payment of the charges set down in the bill of lading, cannot be held responsible by the consignee for the mistake made by him or the shipper and the contracting carrier in their agreement, and be held liable to refund the overcharge, unless the initial carrier contracted as agent of the terminal carrier. If the terminal carrier was a party to the contract of shipment, then, of course, it is as much bound to pay back any excess of freight charges received by it through mistake, whether its own or that of the initial carrier, as would be the initial carrier. *Bradford* v. *R. R. Co.*, 7 Rich., 207.

It is not necessary to decide whether there was any evidence tending to show that the Southern Railway Company had authority to make the defendant Seaboard Air Line Railway Company a party to the contract, and undertook to do so. This was an intrastate shipment, and the statute of the State fixes the relation of the two carriers. Section 1 of the Act of 1903, 24 Stat., 1, provides: "That all common carriers over whose transportation lines, or parts thereof, any freight, baggage or other property received by either of such carriers for through shipment or transportation by such carriers on a contract for through carriage, recognized, acquiesced in or acted upon by such carriers, shall in this State, with respect to the undertaking and matters of such transportation, be considered and construed to be connecting lines, and be deemed and held to be the agents of each other, each the agent of the others, and all the others the agents of each, and shall be held and deemed to be under a contract with each other and with the shipper, owner and consignee of such property for the safe and speedy through transportation thereof from point of shipment to destination; and such contract as to the shipper, owner or consignee of such property shall be deemed and held to be the contract of each of such common carriers; and in any of the courts of the State, any through bill of lading, way bill, receipt, check or other instrument issued by either of

such carriers, or other proof showing that either of them has received such freight, baggage or other property for such through shipment or transportation, shall constitute *prima facie* evidence of the subsistence of the relations, duties and liabilities of such carries as herein defined and prescribed, notwithstanding any stipulations or attempted stipulations to .the contrary by such carriers, or either of them."

This statute has been held constitutional as to shipments entirely within the State. *Venning* v. *A. C. L. R. R. Co.,* 78 S. C., 42, 58 S. E., 983, 12 L. R. A. (N. S.), 1217. Under the statute, when the Seaboard Railway Company recognized, acquiesced in and acted upon the through bill of lading, it became a party to the contract of shipment and was as much bound not to exact the excess charges, due to a clerical mistake, as was the Southern Railway Company, in whose name the contract was made. The Seaboard Air Line Railway Company having exacted freight charges for 41,700 pounds when there was in fact, according to the weighing of its own agent, only 14,700, which it had contracted to deliver as a carload of 20,000 at 28.4 cents per hundred pounds, it is liable to the plaintiff for the excess due to the clerical error.

The judgment of the Circuit Court is affirmed.