8281

LOWRY v. ATLANTIC COAST LINE R. R. CO.

CHARGE.—A Circuit Judge may very properly refuse to consider requests handed up after argument and after the charge, especially when they are handed up so late as not to give him time to consider them.

Before DEVORE, J., Lee, March term, 1911. Affirmed.

Action by Charley Lowry against Atlantic Coast Line R. R. Co. Defendant appeals.

*Messrs. McLeod & Dennis* and *H. E. Davis,* for appellant.

*Mr. Dennis* cites: *Judge did not object that requests came too late and he alone should invoke the rule:* 69 S. C. 531.

*Mr. L. D. Jenning,* contra, cites: *Requests should be handed up before argument:* 78 S. C. 398; 88 S. C. 162.

August 2, 1912. The opinion of the Court was delivered by

MR. JUSTICE FRASER. The following statement is taken from appellant's argument:

"This is an action for damages for personal injury caused by the plaintiff being struck by a locomotive of the defendant at a public crossing in the city of Sumter. The plaintiff alleged that he was injured as a result of the failure of the defendant to give the statutory signals at the crossing. The defendant alleged that the proper signals were given and alleged, further, that the defendant was guilty of contributory negligence in that the injury was the result of the plaintiff having fallen asleep upon the track of the defendant. The trial resulted in a verdict for the plaintiff for the sum of nine hundred and ninety-nine ($999) dollars. The plaintiff appealed from the judgment on this verdict.

"The error alleged was the failure of the Circuit Judge to charge certain requests submitted by the defendant's attorney. The record shows that after the charge of the trial Judge the attorney for the defendant handed up several requests to charge. When this was done the following remarks were made by the Judge and the plaintiff's attorney:

" 'This request number one here, I think is a charge on the facts. You make me tell the jury what state of facts is negligence, and the law says I cannot do that.

" 'Mr. Jennings: Are those requests handed up by the defendant?

" 'Court: Yes, sir.

" 'Mr. Jennings: I have heard nothing about them and I do not know, I think they were not handed up in time under the rule of the Court.

" 'The Court: Yes, sir, I am looking over them now.

" 'Mr. Jennings: They ought to be handed up before argument.

" 'The Court: I think I have covered most of the requests in my general charge, and they were handed up so late I have not time to see whether or not they are in proper shape.

Glancing over them casually, I think I have covered all of them.' "

Rule XI says: "Before argument of the case commences the counsel on either side shall read and submit to the Court in writing such propositions of law as they propose to rely on, which shall constitute the request to charge." ·

Whatever may be said of the right of opposing counsel to know before he makes his argument the propositions of law upon which opposing counsel rely, in this case the, presiding Judge said "they were handed up so late I have not got time to see whether or not they are in proper shape." There is no use to have a rule to protect the trial Judge unless an appellate Court will enforce the rule.

As all the exceptions refer to the requests to charge submitted not only after argument but after the charge, they will not be considered.

The judgment of this Court is that the judgment appealed from be affirmed.