### 8710

### STATE v. ODOM.

NEW TRIAL—JURORS.—New trial granted because of relationship of juror to deceased. As this Court cannot say from the order passed whether the new trial was granted in the discretion of the Court or because controlled by law, this Court assumes it was granted in his discretion and affirms the order.

The better practice is for the Court to say. in such order on what ground they are based.

Before MEMMINGER, J., Spartanburg, Spring term, 1913. Affirmed.

Indictment against A. Bart Odom, Tom Odom and John Watson. State appeals.

*Attorney General Thos. H. Peeples* and *Mr. Stanyarne Wilson,* for appellant, cite: 90 S. C. 425; 54 S. C. 154; 74 S. C. 460; 61 S. C. 141.

*Messrs. Nichols & Nichols, A. E. Hill* and *C. P. Sims,* contra.

January 6, 1914. The opinion of the Court was delivered by

MR. JUSTICE WATTS.   The defendants were indicted and tried for the murder of B. F. Hanna, in Spartanburg county, at the Spring term of the Court, 1913, and were found guilty: A. Bart Odom and Thomas Odom, of murder, with recommendation to mercy, and John Watson, of manslaughter, and the Odoms were sentenced to imprisonment for life, and Watson for five years.   The defendants gave notice of intention to appeal, and afterwards, upon notice duly given, moved for a new trial on after-discovered evidence on the ground that one of the jurors, Robert Morrow, was related to the deceased, B. F. Hanna, within the sixth degree, and therefore disqualified to sit on the jury, and that neither the defendants nor their attorneys were aware of this fact until several weeks after the trial.   That the Court was requested to ask the jurors before they were sworn whether they were related by blood or marriage to the deceased or to the defendants, that such questions were asked and no response made, except by one juror, who was stood aside on account of relationship, that Morrow made no response.   Morrow makes affidavit that he did not know of any connection between Hanna, the deceased, at that time, and did not hear of it until long after the trial.

Upon hearing the motion his Honor, Judge Memminger, in a short order granted a new trial to the defendants.   The State appealed from this order and alleges error on the part of his Honor in granting a new trial in that he abused the discretion resting in him, because the connection or relationship between the juror and the deceased was too remote and because the juror was wholly ignorant of its existence until after the adjournment of the Court.   It cannot be ascertained to a certainty from the inspection of the short order passed by his Honor in the case granting the new trial whether he did it solely on the ground of the relationship of the juror to the deceased and was controlled solely by that fact and the decision of this Court in the case of *Robertson* v. *Telegraph Co.,* 90 S. C. 425, 73 S. E. 786, or whether he

did it in the exercise of the discretion vested in him, but we are inclined to the view that he did it in the exercise of his discretion and see no erroneous exercise of that discretion, and the exceptions will have to be overruled, but we again call attention of the bench and bar to the importance of such orders showing whether the trial Judge grants the same solely as a matter of law, being bound under the facts of the particular case by established law and decisions of the Court, or whether he thinks he has no jurisdiction in which case he will indicate what he would do if he had the power and the right to exercise his discretion, or whether he grants or. refuses the order in the exercise of his discretion as was said by this Court in *Lowry* v. *Railroad Co.*, 92 S. C. 40, 75 S. E. 397: "It is the better and safer practice for a Circuit Judge, when a motion is made before him when he thinks he has no power to entertain it, to intimate what he would do if he were clothed with the power, whether he would grant. or refuse it, and then upon appeal this Court could determine whether he had erroneously exercised his discretion or not."

Judgement affirmed.