8720

GLENN v. ATLANTIC COAST LINE R. R. CO.

1. RES JUDICATA.—Where a party appeals from an interlocutory order and abandons the appeal by permission of the Court, the Circuit decision is not *res adjudicata* of the question made on appeal.

2. CONTRACTS.—The Court will not consider a provision in a shipping contract which violates the provisions of sec. 2574 of the Code.

3. IBID—CARRIERS—CONSTITUTIONAL LAW.—Sections 2574-5 of Code relating to liability of terminal carrier in a through shipment are not unconstitutional in that they deprive such carrier of his property without due process in not providing for recovery of connecting carrier of attorney's fees and loss of time in defendant suits.

4. PRESUMPTIONS—ISSUES.—Where a presumption of law arises and there is some evidence to rebut it, it is for the jury and not the Judge to determine where rests the weight.

5. CARRIER—CONSTITUTIONAL LAW.—Section 2574 of the Code when applied to an intrastate shipment over connecting carriers does not violate the constitutional provision as to due process.

6. IBID.—CONTRACTS.—A shipper setting up a contract of shipment containing some void provisions, may rely on those that are valid.

Before SEASE, J., Dillon, July, 1913.    Affirmed.

Action by R. W. Glenn against Atlantic Coast Line R. R. Co.    Defendant appeals.

*Messrs. Henry Buck* and *F. L. Wilcox,* for appellant, cite: *The contract is valid:* 39 S. C. 55; 79 S. C. 344; 94 S. C. 129. *A party cannot repudiate the contract and claim under its provisions:* 48 S. C. 901; 95 S. C. 68; 57 S. C. 322; 85 S. C. 179; 5 S. C. 545; 15 S. C. 768; 22 S. C. 157.

*Messrs. Joe P. Lane* and *L. B. Haselden,* contra, cite: *The statute is not valid as applied to intrastate shipments:* 78 S. C. 42; 81 S. C. 383. *And applies to the contract in this case:* 73 S. C. 81; 69 S. C. 527; 9 Cyc. 482.

January 13, 1914.    The opinion of the Court was delivered by

MR. JUSTICE FRASER. This is an action for injury to cattle shipped from Chester, S. C., to Latta, S. C. The injury is said to have been occasioned by delay and rough handling on the way. The cattle were delivered to the Southern Railway at Chester and by it transported to Columbia, and at Columbia delivered to the Atlantic Coast Line Railroad Company, appellant.

The appellant denied that the cattle were injured or delayed through any of its agents and servants, but that the delay or injury, if any, was caused by the Southern Railway and that it is not responsible for the acts of its connecting line, notwithstanding the provisions of section 2574 of the Code of 1912, inasmuch as that section is unconstitutional.

A motion was made before Judge Gage to strike out that portion of the answer that pleaded the unconstitutionality of this section. He granted the motion. From this order appellant appealed. After the return was filed in this Court the appellant moved this Court for, and obtained, an order declaring the appeal abandoned. That appeal raised the question as to the constitutionality of this statute. The case was then tried in the Circuit Court and a judgment was rendered in favor of the plaintiff.

This appeal is from Judge Gage's order and also from the ruling of Judge Sease, who tried the case. The respondent claims that the appeal from Judge Gage's order having been perfected and then abandoned, the order of Judge Gage became *res adjudicata* and decided the question of the constitutionality of the statute so far as this case is concerned and cannot be raised again. It is not questioned that the defendant would have had the right to await the judgment in the Circuit Court and then appeal from the order of Judge Gage, but inasmuch as the defendant perfected his appeal and then abandoned it the order was *res adjudicata*. The record shows that there were two notices given, one by appellant to be allowed to abandon and the other by the respondent to dismiss the

appeal. If this Court had dismissed the appeal it might have had the effect claimed, but this Court allowed the appellant to abandon his appeal and the questions will be considered.

The following are the exceptions:

I. Exception 1. "Because his Honor, Judge Gage, erred, it is respectfully submitted, in refusing to hold that section 2574 does not apply to the contract of shipment in this case, which was based upon a valuable consideration, to wit: A reduction in freight rate."

The section is as follows: "All common carriers over whose transportation lines, or parts thereof, any freight, baggage or other property received by either of such carriers for through shipment or transportation by such carriers on a contract for through carriage, recognized, acquiesced in or acted upon by such carriers, shall in this State, with the respect to the undertaking and matters of such transportation, be considered and construed to be connecting lines, and be deemed and held to be the agents of each other, each the agent of the others, and all the others the agents of each, and shall be held and be deemed to be under a contract with each other and with the shipper, owner and consignees of such property for the safe and speedy through transportation thereof from point of shipment to destination; and such contract as to the shipper, owner or consignee of such property shall be deemed and held to be the contract of each of such common carriers; and in any of the Courts of this State, any through bill of lading, waybill, receipt, check or other instrument issued by either of such carriers, or other proof showing that either of them has received such freight, baggage or other property for such through shipment or transportation, shall constitute *prima facie* evidence of the subsistence of the relations, duties and liabilities of such carriers as herein defined and prescribed, notwithstanding any stipulations or

attempted stipulations to the contrary by such carriers, or either of them."

There can be no consideration to sustain a provision in a contract when that provision is forbidden by law. This exception is overruled.

II. Exception 2. "Because his Honor, Judge Gage, erred, it is respectfully submitted, in granting plaintiff's motion and in refusing to hold section 2574 unconstitutional and void, in that said section as applied to this section, is in contravention of article I, section 5, of the Constitution of South Carolina, and the Fourteenth Amendment to the Constitution of the United States, in that said section deprives defendant of the right of contract and deprives it of property without due process of law, making it responsible for the debts and liabilities of another without giving it adequate redress against such other."

Exception 3. "Because his Honor, Judge Gage, erred, it is respectfully submitted, in refusing to hold that section 2574, construed with section 2575, is in contravention of said section of the Constitution of South Carolina and the Constitution of the United States, in that said section, while purporting to make the carrier really at fault responsible to defendant, yet they together deprive defendant of its property without due process of law, in that no provision is therein contained whereby defendant can obtain compensation for its loss of time in defending suit against it, or the expense of defending such suit, and its attorney's fees."

Section 2575 provides an action against the offending carrier. The only inadequacy complained of is for loss of time in defending an action and for attorney's fees. Except in cases where suits are brought on special contracts, that provide for attorney's fees, these things are never allowed in this State. It would be dangerous doctrine, especially to appellant, for this Court to say that adequate compensation included attorney's fees. This exception is overruled.

III. Exception 4. "Because his Honor, Judge Sease, erred, it is respectfully submitted, in not granting defendant's motion for a direction of verdict on the first four grounds stated therein, it being respectfully submitted that section 2575 of volume I of the Code of 1912, is unconstitutional, null and void as applied to a shipment under a contract such as that proved in this case, for the reasons set forth in the first three exceptions herein above; and in that the testimony conclusively shows, and no other inference can be drawn from it, that there was no delay with the defendant and no rough handling or damage done by defendant."

Exception 5. "That his Honor, Judge Sease, erred, it is respectfully submitted, in not holding the said section of the Code unconstitutional for the reasons hereinbefore stated in these exceptions; and that only one inference can be drawn from the testimony, to wit: That there was no delay in the transportation of, or damage done to, the carload of cattle by the defendant, and erred, it is respectfully submitted, in not holding this a complete defense to plaintiff's cause of action."

Exception 6. "Because his Honor, Judge Sease, erred, it is respectfully submitted, in not holding that even if the said section of the Code is constitutional, that the allegations of the complaint in this case, the plaintiff having seen fit to allege in paragraph nine of his second cause of action: 'That said contract for shipment was over the lines of two or more common carriers, the defendant being one of them and terminal carrier; that said contract provided in effect that the responsibility of each of said carriers should cease upon delivery to its connecting line of said cattle in good order; that the defendant received said cattle under the terms of said contract,' conclusively bind plaintiff to the validity of said contract; and the testimony conclusively showing, as it does in this case, and it being possible to draw only one inference from it, that there was no delay or

damage to the shipment by defendant, the defendant was entitled to a direction of verdict upon and under the allegation of said paragraph nine of the second cause of action in the complaint, and as stated in defendant's fifth ground for motion to direct verdict."

. Exception 7. "Because his Honor, Judge Sease, erred, it is respectfully submitted, in refusing defendant's request to charge, in that the contract of shipment in this case was based upon a valuable consideration, to wit: A reduction in freight and contained the provision, 'That neither of the carriers over whose lines said live stock should be transported should be responsible or liable for any action, omission or negligence of any other carrier over whose lines said live stock might be transported;' that said section of the Code does not apply to contracts of this nature, signed by both consignor and defendant; and even if it does, it is unconstitutional, null and void, and even if constitutional, plaintiff having alleged it as a valid contract, is bound by his allegations and could not recover."

(a) As to the position that only one inference can be drawn. This objection cannot be sustained. *Lowry* v. *Railroad Company,* 92 S. C. 42, 75 S. E. 397: "It has been held where a presumption of law arises and there is some testimony to rebut this presumption, it is for the jury and not for the Court to determine upon which side rests the weight." See, also, *McLeod* v. *Railroad,* 93 S. C. 71, 76 S. E. 119.

(b) As to the constitutionality of section 2574 it is said in *Reynolds & Craft* v. *Railway,* 81 S. C. 387, 62 S. E. 445: "This statute has been held constitutional as to shipments entirely within the State." *Venning* v. *A. C. L. R. R. Co.,* 78 S. C. 42, 58 S. E. 982, 12 L. R. A. (U. S.) 1217.

This shipment was entirely within this State.

(c) As to the position that inasmuch as the plaintiff pleaded the contract, it is bound by all of its provisions.

This position cannot be sustained. We have been furnished with no authority, and we know of none, which holds a man can claim no right under a contract that contains a void provision. The statute provides that the liability exists, notwithstanding a provision to the contrary. This is just the case before us.

The judgment is affirmed.

*This case has been carried to United States Supreme Court on writ of error.*—REPORTER.