18422

The STATE, Respondent, v. Wade Hopkins MORRISON, Appellant

(145 S. E. (2d) 15)

*Mrs. Betty M. Sloan,* of Columbia, *for Appellant,*

*Messrs. Daniel R. McLeod, Attorney General,* and *Edward B. Latimer, Assistant Attorney General,* of Columbia, *for Respondents,*

November 11, 1965.

BUSSEY, Justice.

This is an appeal from an order of the Honorable Frank Eppes, Resident Judge of the Thirteenth Judicial Circuit, dated June 25, 1962, denying a motion for a new trial on the ground of after-discovered evidence. The appellant, Wade Hopkins Morrison, is presently confined in the South Carolina Penitentiary serving a sentence of ten years, imposed at the May 1959 term of the General Sessions Court for Greenville County, a jury having convicted him of grand larceny.

The motion for a new trial was dated November 9, 1961, and was heard on May 16, 1962. Appellant was represented by counsel at the hearing. The appeal comes somewhat belatedly before this court due to the fact that the appellant, acting as his own attorney, made several ineffective attempts to perfect an appeal, following which this court gave its consent to the appeal being perfected by counsel other than counsel who represented appellant at the hearing.

The record before us contains a transcript of the hearing before Judge Eppes, but does not contain a transcript of the original trial. This transcript indicates that at least a portion, if not all, of the trial transcript was before Judge Eppes at the time of the hearing. In the statement of the case, it is said that a diligent search has failed "to produce a copy of the transcript of the (trial) testimony" which was before Judge Eppes. There is nothing in the record to suggest that the court reporter's notes of the original trial have been lost; that the appellant has not had the benefit of a full transcript; or that appellant has been denied, or not had available a full transcript of the trial for the purpose of this appeal, if so minded. In any event, it would appear that the entire trial transcript was available to appellant when the motion for a new trial was made in November 1961.

In the absence of a full transcript of the trial, the record before us gives only rather sketchy information as to the details of the trial. It would appear, however, that appellant and at least two co-defendants, one of whom was his stepson, Lowell Burgin, were indicted on charges of housebreaking and grand larceny, arising out of an entry into the Mountain View School in the Tigerville section of Greenville County in March 1959. Lowell Burgin and at least one other defendant pled guilty, but appellant pled not guilty and was convicted by the jury of grand larceny, but not of housebreaking. It is apparently undisputed that appellant was at, or near, the scene of the crime, but he denied any participation therein, and his stepson, Lowell Burgin, testified to the effect that appellant did not participate in the crime, but was

at the scene because the car being used by the guilty parties broke down as they were leaving, and that appellant had been called to the scene following the break down of the car.

Appellant's motion for a new trial was based solely on the affidavit of one Charles McFadden who was arrested on or about January 23, 1961, and made a statement to Greenville County deputies, in which he confessed to fifteen separate crimes. Following his arrest and statement, he was incarcerated in the Greenville County jail where he came in contact with the appellant. McFadden's affidavit sets forth that on February 13, 1961, subsequent to a discussion with the appellant, he gave a supplementary confession to the deputies in which he confessed to thirty-seven more crimes which he had committed, and, among others, confessed that he, along with three other boys, had broken into the Mountain View School sometime around March 1959. According to his statement, one of the deputies asked him if he knew the other boys, to which McFadden responded only that "one of the boys was known as Lowell." McFadden says that he told appellant in the course of their discussion that he had broken into the Mountain View School and that "I was going to confess to it anyway since I want to get all my time running concurrently." His affidavit further sets forth that appellant was not present the night he and other persons entered the Mountain View School, and that he had never seen appellant until he saw him in the Greenville County jail. McFadden's affidavit corroborated, in part, the testimony of Lowell Burgin, as summarized by counsel for appellant on the hearing before Judge Eppes, such being the only thing in the present record which throws any light upon his testimony.

While the affidavit of McFadden would show some familiarity on his part with the details of the crime, we think it apparent that his affidavit contains no pertinent information thereabout which could not have been obtained in McFadden's discussion with the appellant in the Greenville County jail. The State offered no counter affidavits and appellant

did not seek to corroborate McFadden's statement through appellant's co-defendants, one of them his stepson who would, of necessity, have known whether McFadden's affidavit contained any vestige of truth.

We think that McFadden's affidavit rather clearly shows that he thought he had nothing to lose by confessing to the Mountain View School crime since he had already confessed to more than fifty crimes and, as stated by him, he wanted to "get all my time running concurrently."

Judge Eppes, in his order denying the motion, stated that he had "concluded that the affidavit is of insufficient probative value to justify this court granting a new trial on the basis of after-discovered evidence."

In the very recent case of *State v. Mayfield*, 235 S. C. 11, 109 S. E. (2d) 716, cert. den., 363 U. S. 846, 80 S. Ct. 1616, 4 L. Ed. (2d) 1728, reh. den., 364 U. S. 857, 81 S. Ct. 36, 5 L. Ed. (2d) 81, it was held,

"The credibility of newly discovered evidence offered in support of a motion for new trial is a matter for determination by the circuit judge to whom it is offered. In him, not this court, resides the power to weigh such evidence; and his judgment thereabout will not be disturbed except for error of law or abuse of discretion. *State v. Corn*, 224 S. C. 74, 77 S. E. (2d) 354."

In that case a motion for a new trial was denied by the circuit judge and the denial affirmed by this court. The circuit judge had concluded that the affidavits of two affiants there were not worthy of belief. It was pointed out that one of them, an habitual criminal, was confined to the State Penitentiary along with the appellant when he made his affidavit, and that the other, also a confirmed criminal, was a brother-in-law of appellant and was, at the time of making his affidavit, confined in the Greenville County jail with appellant.

In the case of *State v. Griffin*, 100 S. C. 331, 84 S. E. 876, the affidavits of two inmates of the City Guard House

were held to be too unreliable to warrant the upsetting of the verdict of a jury on a motion for a new trial on the ground of after-discovered evidence.

In the case of *State v. Strickland,* 201 S. C. 170, 22 S. E. (2d) 417, a well established rule of law, applicable to this case, was stated as follows:

"The granting or refusal of a motion for a new trial made upon the ground of after-discovered evidence is largely within the sound discretion of the Circuit Judge and his decision thereon will not be disturbed in the absence of a showing of abuse of discretion, amounting to manifest error of law."

When the record before us is viewed in the light of the foregoing principles, we think it cannot be said that there was any abuse of discretion, amounting to a manifest error of law on the part of the circuit judge.

The exceptions of the appellant are without merit, and the judgment of the lower court is, accordingly,

Affirmed.

TAYLOR, C. J., and MOSS, LEWIS and BRAILSFORD, JJ., concur.