## 19874

The STATE, Respondent, v. William J. PIERCE, Jr., Appellant

(207 S. E. (2d) 414)

*Messrs. Joseph T. McElveen, Jr.,* of Sumter, *James M. Connor* and *William E. Jenkinson, III,* of Kingstree, *for Appellant.*

*Messrs. J. C. Coleman, Dep. Atty. Gen.,* of Columbia, *R. Kirk McLeod, Sol.,* and *Robert W. Burkett, Asst. Sol.,* of Sumter, *for Respondent.*

August 8, 1974.

Bussey, Justice:

Defendant was indicted in Sumter County for the murder of Peg Cuttino and, after a change of venue was tried at the February, 1973 term of the Court of General Sessions for Williamsburg County. The jury returned a verdict of guilty and defendant was sentenced to life imprisonment. Notice of appeal was timely filed and this appeal followed.

Defendant's first contention is that the trial judge erred in refusing to grant his motion to strike certain testimony of State's witness Earl Williams.

Peg was reported missing on the afternoon of Friday, December 18, 1970, and her body was discovered buried under some leaves and small limbs in Manchester Forest in Sumter County on December 30, 1970. The indictment alleged that defendant had murdered Peg on December 18.

Williams testified that, while he and his father were in Manchester Forest hunting and cutting wood on the afternoon of Saturday, December 19, he saw the defendant some some 100-300 feet away standing in front of a white station wagon. Williams further testified that defendant looked toward him and his father and stood in front of the car so that its license place could not be seen. Williams stated that

defendant was still standing in front of the car when he and his father left the forest some two hours later.

The State also introduced testimony by certain law enforcement officials as to an oral confession obtained from defendant while he was incarcerated in Georgia. The voluntariness of this confession is not attacked on this appeal. The defendant in his testimony admitted making the confession but repudiated the incriminating content thereof. In this confession defendant said he drove over to Sumter from Swainsboro, Georgia, on Friday, December 18, and picked Peg up at a hamburger stand. Defendant said he then drove Peg out to Manchester Forest where he killed her.

Defendant introduced testimony by his employer that he was at work from shortly after 7 a. m on Friday, December 18, until around 4 o'clock that afternoon. There was also testimony that defendant attended a party at Twin City, Georgia, on Friday night. Defendant's date for that party testified that defendant picked her up at 7 p. m. and that they returned to her house around 11:30 p. m.

Defendant contends that the trial judge should have granted his motion to strike Williams' testimony because such testimony related to a date other than the date referred to in the indictment and because defendant was prejudiced by such testimony in that he was not prepared to impeach Williams' testimony by alibi testimony.

We disagree with these contentions.

While it is true that the State need not prove the exact date set forth in the indictment unless time is an essential element of the offense or is made a party of the description of it, *State v. Rutledge,* 232 S. C. 223, 101 S. E. (2d) 289 (1958), the State should not be allowed to prove a different date than that set forth in the indictment where defendant relies upon the defense of alibi, unless the defendant is held to have had knowledge that the State would attempt to prove a different date upon trial. In such a case it is proper for the trial judge, after allowing amend-

ment of the indictment, to declare a mistrial and allow defendant time to attempt to establish an alibi defense for the different date. See *State v. Evans*, 216 S. C. 328, 57 S. E. (2d) 756 (1950). See also *State v. Whittemore*, 255 N. C. 583, 122 S. E. (2d) 396 (1961).

However, in the present case the State did not attempt to prove that defendant committed the crime on December 19 instead of December 18 as alleged in the indictment. The State merely introduced evidence that defendant was in the Sumter area on December 19. The jury could have reasonably found that defendant committed the crime on December 18 and was still in the area on December 19.

Evidence to the effect that the defendant was in Sumter County on December 19 and at a spot near where the body was found, rather than being inconsistent with the indictment, was corroborative of the State's evidence tending to prove that the crime had been committed by the defendant on December 18, particularly in view of the fact that the defendant repudiated his confession and denied that he had been in Sumter County at all. It follows that there was no error in the admission of the testimony of Williams.

Also, defendant's counsel in his cross-examination of Williams indicated that he had talked to Williams prior to the trial and that Williams had told him that he had seen defendant in the forest on either Saturday, December 19, or Sunday, December 20. Therefore, defendant cannot say that he was surprised by Williams' testimony at the trial.

Defendant next contends that the trial judge erred in refusing to grant defendant's motion for a new trial on the grounds of improper inflammatory argument by the solicitor. The proper course to pursue when an improper argument is made by counsel is for the opposing counsel to immediately object and have a record made of the alleged improper language and ask the court for a ruling

on such language. *Crocker v. Weathers*, 240 S. C. 412, 126 S. E. (2d) 335 (1962).

Defendant admits that no objection was made to the solicitor's argument until defendant's motion for a new trial. This Court will not generally consider objections to counsel's argument first made upon a motion for a new trial. *Johnson v. Charleston and Western Carolina Ry.*, 234 S. C. 448, 108 S. E. (2d) 777 (1959); *State v. Wagstaff*, 202 S. C. 443, 25 S. E. (2d) 484 (1943).

Defendant argues that *South Carolina Highway Dept. v. Nasim*, 255 S. C. 406, 179 S. E. (2d) 211 (1971), in which this Court ordered a new trial because of improper argument, which was not objected to at the trial, is applicable to the present case. A new trial was ordered in *Nasim* because the improper argument presented a flagrant case, where prejudice clearly appeared, and therefore fell within the exception to the rule that this Court will not consider objections to improper argument not made when such argument is presented.

We cannot say that this case falls within the exception relied upon in *Nasim*. In *Nasim,* we stated,

"Our ruling in reversing this case should not be interpreted as lessening the obligation of counsel to object to erroneous argument made by an adversary. It is only because of the unusual nature of the argument, and the fact that the argument was recorded so as to be subject to review by both the lower court and this court, that we reach the conclusion that a new trial must be had." *Nasim, supra,* at p. 214.

It is well established that rulings as to the propriety of counsel's arguments to the jury are largely within the discretion of the trial judge. *State v. McDonald,* 184 S. C. 290, 192 S. E. 365 (1937). The arguments in the present case were not recorded. The trial judge upon defendant's motion for a new trial expressly ruled that the

solicitor's argument had not been inflammatory. We cannot hold that the trial judge abused his discretion in so ruling.

During the course of the trial defendant called as a witness one Robert Sauer, a hypnotist, who had examined defendant prior to trial. The solicitor asked that the jury be excused so that he might interpose an objection to Sauer's proposed testimony. After hearing argument of counsel and testimony of Sauer, the trial judge ruled that Sauer would be allowed to testify before the jury to the extent of any knowledge learned of defendant's mental state which may have aided Dr. Reid Johnson, a psychiatrist, who was present when Sauer subjected defendant to hypnosis and who would later be called by defendant as a witness, in forming his opinion. The trial judge made it clear that he would not allow Sauer to testify as to the results of his examination of defendant which related to defendant's whereabouts on certain dates or to defendant's guilt or innocence. Defendant contends that the trial judge erred in so ruling.

The admission or rejection of evidence is largely within the discretion of the trial judge and his ruling excluding expert testimony will not be disturbed absent abuse of discretion. *Jenkins v. E. L. Long Motor Lines*, 233 S. C. 87, 103 S. E. (2d) 523 (1958). We hold that the trial judge committed no such abuse of discretion in the present case. It is the general rule that the testimony as to the results of hypnotic examination is not admissible if offered for the truth of the matter asserted. See *State v. Pusch*, 77 N. D. 860, 46 N. W. (2d) 508 (1951) ; see also 23 A. L. R. (2d) 1306, § 4. We have found no cases in which a court has upheld the admission or which has found it error to have excluded testimony of the results of hypnotic examination offered to prove the guilt or innocence of the accused.

Defendant also contends that the trial judge erred in failing to hear the proffered testimony of Sauer out of the presence of the jury before making a determi-

nation as to its admissibility. This contention is clearly without merit. The trial judge did, upon motion of the solicitor, hear testimony of Sauer outside the jury's presence. Defendant never requested that such testimony be heard outside the jury's presence nor did he, once Sauer testified outside the jury's presence, request that additional testimony of Sauer be heard before the jury was recalled.

Defendant's final contention is that the trial judge committed an abuse of discretion in denying his motion for a new trial based upon after-discovered evidence. It is well settled that the granting of a new trial upon such grounds is not favored and the trial judge's ruling thereabout is left largely to his discretion, the exercise of which will not be overturned in the absence of an abuse of discretion. *State v. Clamp,* 225 S. C. 41, 80 S. E. (2d) 918 (1954).

The motion for a new trial was based primarily upon the testimony of one Samuel Lenoir, which was to the following effect: on Saturday afternoon, December 19, 1970 at about 2 :30 p. m. Peg Cuttino and two strange boys came into his store and bought three coca cola's. His store is located in Sumter County not too far distant from where the body was found and later on the afternoon of the 19th the two boys returned to the store but without Peg. Mr. Lenoir did not know Peg Cuttino but identified her from a newspaper photograph which he saw later that same afternoon in connection with a news story about the disappearance of Peg. The testimony of Mr. Lenoir, and that of his wife, leaves no doubt whatever that both of them are firmly and conscientiously convinced that Mr. Lenoir actually saw Peg Cuttino alive on the afternoon of December 19. Other evidence submitted in support of the motion for a new trial tended to at least corroborate the possibility of Mr. Lenoir having done so.

There is other evidence, however, rather strongly indicating that neither Mr. Lenoir nor his wife were so strongly

convinced on the afternoon of December 19 that the girl seen by Mr. Lenoir was in fact Peg Cuttino. Despite the news article about the disappearance of Peg, which brought the matter to the attention of Mr. and Mrs. Lenoir on Saturday afternoon, neither of them notified either the police or members of the Cuttino family until the following day of the fact that Mr. Lenoir thought he had seen Peg in his store on Saturday afternoon. Police officers who talked with Mr. Lenoir on Sunday afternoon, and later that week, testified that Mr. Lenoir stated he could make no positive identification of the girl who had entered his store. An aunt of Peg's testified that Mrs. Lenoir told her on Sunday, December 20, of a girl being in the store who resembled Peg, but that they could not positively identify the girl as being Peg.

*State v. Wells,* 249 S. C. 249, 153 S. E. (2d) 904 (1967), sets forth the well established requirements as to what the movant must show in order to obtain a new trial based upon after-discovered evidence. The movant must show that the evidence:

(1) is such as would probably change the result if a new trial is had;

(2) has been discovered since the trial;

(3) could not by the exercise of due diligence have been discovered before trial;

(4) is material to the issue; and

(5) is not merely cumulative or impeaching.

In denying defendant's motion for a new trial based upon after-discovered evidence, the trial judge ruled that defendant had not met all the requirements as set forth in *Wells* but refused to specify which of the five requirements had not been complied with.

It is the better practice for the trial judge to specify the ground or grounds upon which he bases his denial of a motion for a new trial based upon after-

discovered evidence. *State v. Odom,* 96 S. C. 306, 80 S. E. 497 (1914). Without such specification this Court cannot readily determine whether the trial judge's denial of such a motion was based upon a proper exercise of his discretion or was perhaps the result of an error of law.

In response to an order of this Court, issued pursuant to Supreme Court Rule 2, the trial judge reported to this Court the grounds upon which he had denied the motion for a new trial. We quote in part therefrom as follows: "The witnesses presented on behalf of defendant in support of his motion for new trial on after-discovered evidence, however, did not impress me nor did I conclude that their affidavits and testimony likely would affect the outcome if a new trial was granted." His Honor added that, "Their testimony was merely cumulative and not material." With this latter conclusion we are not in accord because not all of the evidence was, strictly speaking, merely cumulative and immaterial. His first, basic and controlling conclusion, however, is, we think, fully supported by the record.

In the very recent case of *State v. Mayfield,* 235 S. C. 11, 109 S. E. (2d) 716, cert. den. 363 U. S. 846, 80 S. Ct. 1616, 4 L. Ed. (2d) 1728, reh. den. 364 U. S. 857, 81 S. Ct. 36, 5 L. Ed. (2d) 81, it was held,

"The credibility of newly-discovered evidence offered in support of a motion for new trial is a matter for determination by the circuit judge to whom it is offered. In him, not this court, resides the power to weigh such evidence; and his judgment thereabout will not be disturbed except for error of law or abuse of discretion. *State v. Corn,* 224 S. C. 74, 77 S. E. (2d) 354."

See also *State v. Morrison,* 246 S. C. 575, 145 S. E. (2d) 15.

We are not convinced that there is any showing of an abuse of discretion, amounting to a manifest error of law, in denying the motion for a new trial on the

ground of after-discovered evidence. We deem all exceptions of the appellant to be without merit and the judgment below is accordingly,

Affirmed.

Moss, C. J., and LEWIS, BRAILSFORD and LITTLEJOHN, JJ., concur.