22617

The STATE, Respondent v. Pamela J. PRESSLEY, Appellant.

(349 S. E. (2d) 403)

Supreme Court

*Atty. Gen. T. Travis Medlock, Asst. Attys. Gen. Harold M. Coombs, Jr., Carlisle Roberts, Jr.,* and *Amie L. Clifford,* Columbia, and *Solicitor Dudley Saleeby, Jr.,* Florence, *for respondent.*

*William Reynolds Williams,* of *Wilcox, Hardee, McLeod, Buyck & Baker,* Florence, *for appellant.*

Heard Sept. 17, 1986.

Decided, Oct. 13, 1986.

GREGORY, Justice:

Appellant was convicted of breach of trust and conspiracy. She contends she is entitled to a new trial because of numerous references at trial to her polygraph examination. We agree.

Evidence regarding the results of a polygraph test or the defendant's willingness or refusal to submit to one is inadmissible. *State v. McGuire,* 272 S. C. 547, 253 S. E. (2d) 103 (1979); *State v. Britt,* 235 S. C. 395, 111 S. E. (2d) 669 (1959). A trial judge should be meticulous in ensuring that the jury makes no improper inference from any reference to a polygraph. *State v. McGuire.*

The trial judge improperly allowed repeated references to appellant's submission to a polygraph examination. The evidence as presented showed that appellant confessed immediately after taking the polygraph. In this context, the jury instruction to disregard the polygraph results could not cure the prejudice to appellant.

Accordingly, we reverse and remand for a new trial on both counts with specific instructions that no mention of the polygraph be permitted. We need not address appellant's remaining exceptions in light of this disposition.

Reversed and remanded.

NESS, C.J., and HARWELL, CHANDLER and FINNEY, JJ., concur.