24436

The STATE, Respondent v. Joe Anthony WRIGHT, Appellant.

(471 S.E. (2d) 700)

Supreme Court

*Deputy Chief Appellate Defender Joseph L. Savitz,III,* of *S.C. Office of Appellate Defense,* Columbia, *for appellant.*

*Attorney General T. Travis Medlock, Chief Deputy Attorney General Donald J. Zelenka, Senior Assistant Attorney General Harold M. Coombs, Jr., Assistant Attorney General Alexandria Broughton Skinner,* Columbia, and *Solicitor Holman C. Gossett, Jr.,* Spartanburg, *for respondent.*

Heard Jan, 9, 1996.

Decided May 28, 1996; Reh. Den. June 4, 1996.

FINNEY, Chief Justice:

Appellant, Joe Anthony Wright, was convicted of murder and sentenced to life imprisonment for the killing of his mother. We affirm.

## FACTS

A polygraph examination was administered to appellant after he was questioned by officers. The polygraph examiner advised appellant that his test showed deception and that under certain circumstances the polygraph can be admitted in court, but that it would be up to the court and counsel. Nearly

twenty minutes later and upon further questioning, appellant confessed to killing his mother. A pretrial suppression hearing was held to determine whether appellant's confession was voluntarily given. Defense counsel argued the confession was involuntary because one of the issues which allegedly coerced the confession was the notice of deception on the polygraph exam. The trial judge ruled *in limine* the confession was voluntary and prohibited any mention of the polygraph exam. The judge adhered to his ruling during the trial.

Appellant confessed to killing his mother in the pretrial statement, but at trial he testified that he did not remember killing her nor did he remember the entire events on the morning of his mother's death. He testified to finding his mother's body in her bedroom, removing her body from the house, and hiding it. He also testified to disposing of the murder weapon and cleaning the car and his mother's bedroom.

## ISSUE
Was the evidence of the polygraph exam properly excluded?

## DISCUSSION
Appellant contends evidence of the administration of a polygraph exam was needed to show the jury that his confession was not voluntary. Appellant maintains that because the examiner told him the polygraph was admissible and the results showed that he was not telling the truth, he was coerced to confess. Appellant acknowledges that generally evidence of polygraphs are inadmissible to prove the truth. However, appellant urges the evidence should have been allowed to establish the totality of circumstances surrounding his statement. Appellant contends the accuracy of polygraph tests was irrelevant.

The admission of evidence in a criminal prosecution is within the discretion of the trial judge and his ruling will not be disturbed on appeal unless abuse of discretion is shown. *State v. Wyatt*, 317 S.C. 370, 453 S.E. (2d) 890 (1995). Generally, the results of polygraph examinations are inadmissible because the reliability of the polygraph is questionable. *State v. Copeland*, 278 S.C. 572, 300 S.E. (2d) 63 (1982).

In *State v. Pressley*, 290 S.C. 251, 349 S.E (2d) 403 (1986) we

reversed where repeated references were made to appellant's submission to a polygraph examination and that he confessed immediately after taking the polygraph. Although curative instructions were given, we found the instructions could not cure the prejudice to Pressley and reversed with specific instructions that no mention of the polygraph be allowed.

The trial judge did not abuse his discretion in prohibiting any mention of the polygraph considering the authority against admitting evidence of polygraph examinations and the potential prejudice to appellant.[1] *State v. Wyatt, supra.* Appellant sought to disclose the polygraph examiner's misinformation to show the jury that the confession was not given voluntarily. However, appellant did not suggest at trial nor on appeal what limitation could have been placed on the disclosure to limit prejudice to appellant. Without some limitation, the only inference the jury could reasonably have drawn from learning appellant's confession followed closely after a deceptive polygraph was that the confession was truthful and the answers given to the polygraph exam were untruthful. This would serve to bolster the confession rather than persuade the jury to believe the alleged coercion. Under the circumstances, we find no abuse of discretion. *State v. Wyatt, supra.*

Affirmed.

TOAL, MOORE, WALLER and BURNETT, JJ., concur.

---

[1] Nonetheless, we caution officers against misinforming suspects to encourage a confession. Such conduct can only further erode the public's confidence in law enforcement and their respect for the justice system.