THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE 
 CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 
 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Supreme Court

 
 
 
The State,       
Petitioner,
 
 
 

v.

 
 
 
Anthony W. Nellis, Jr.,       
Respondent.
 
 
 

ON WRIT OF CERTIORARI TO THE COURT
OF APPEALS

Appeal From Dorchester County
Jackson V. Gregory, Circuit Court Judge

Memorandum Opinion No. 2005-MO-008
Heard November 3, 2004  Filed February 
 28, 2005

AFFIRMED

 
 
 
Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John 
 W. McIntosh, Assistant Deputy Attorney General Charles H. Richardson, and Senior 
 Assistant Attorney General Harold M. Coombs, Jr., all of Columbia; and Walter 
 M. Bailey, Jr., of Summerville, for Petitioner.
Kelly Knight Byrd, Jennifer L. Queen, and Mark Alan Leiendecker, all of Summerville, 
 for Respondent.
 
 
 

JUSTICE PLEICONES:  We granted certiorari to review a decision of the 
 Court of Appeals reversing respondents conviction and remanding the matter 
 for a new trial.  State v. Nellis, Op. No. 2003-UP-459 (S.C. Ct. App. 
 filed July 8, 2003).  We affirm.
The Court of Appeals found error and prejudice in the admission of 
 alleged prior bad acts committed upon the victim by respondent.  We agree.

Evidence of other crimes must be put to a rather severe 
 test before admission.  The acid test of admissibility is the logical relevancy 
 of the other crimes.  The trial judge must clearly perceive the connection between 
 the other crimes and the crimes charged.  [Citation omitted].  Further, other 
 crimes which are not the subject of conviction must be proven by clear and convincing 
 evidence.  [Citation omitted].

 State v. Cutro, 332 S.C. 
 100, 103, 504 S.E.2d 324, 325 (1998).  
The victims testimony was vague and inconsistent.  Whether there was logical 
 relevancy between the crime charged and the other alleged assaults is a close 
 question: whether there was clear and convincing evidence of these other incidents 
 is not.  The trial judge erred in admitting the prior bad acts evidence.  State 
 v. Cutro, supra.  The decision of the Court of Appeals is
AFFIRMED.
MOORE, WALLER, BURNETT, JJ., concur.  TOAL, 
 C.J., dissenting in a separate opinion.

Chief Justice Toal:  I respectfully dissent.  In my view, 
 the prior bad acts committed upon the victim by Respondent are admissible.    
 Therefore, I would reverse the decision of the court of appeals and uphold Respondents 
 conviction.
The majority misconstrues the law to the extent that it holds 
 the prior bad acts by Respondent are not relevant.  In my opinion, the prior 
 bad acts are relevant and should be admitted.  I find the reasoning set forth 
 in State v. Weaverling to be persuasive.  337 S.C. 460, 468, 523 S.E.2d 
 787, 791 (Ct. App. 1999).  When a criminal defendants prior bad acts are directed 
 toward the same victim and are very similar in nature, those acts are admissible 
 as a common scheme or plan.  State v. Weaverling, 337 S.C. at 468, 523 
 S.E.2d at 791.  In Weaverling, the defendant repeatedly raped the same 
 child.  Id. at 465, 523 S.E.2d at 789.  The court of appeals held the 
 defendants prior acts were admissible even though the acts were not charged.  
 Id. at 468, 523 S.E.2d at 791.  The court reasoned that [w]here the 
 evidence is of such a close similarity to the charged offense that the previous 
 act enhances the probative value of the evidence so as to overrule the prejudicial 
 effect, it is admissible. Id.  (citing State v. Raffaldt, 318 
 S.C. 110, 456 S.E.2d 390 (1995)).  Moreover, the admission of evidence in a 
 criminal prosecution is within the discretion of the trial court, and its ruling 
 will not be disturbed on appeal unless an abuse of discretion is shown.  State 
 v. Wright, 322 S.C. 253, 255, 471 S.E.2d 700, 701 (1996).
In the present case, evidence was presented that the same 
 victim was attacked on several occasions.  However, none of the prior incidents 
 were reported or charged.  In my opinion, these prior acts should be admitted 
 to show a common plan or scheme and any prejudice from the admission of the 
 evidence would be outweighed by its probative value.  
Further, in my opinion, the victims testimony was not vague 
 and inconsistent.  The victim testified that Respondent raped her on several 
 occasions, in the same manner.  The victim testified further that on all prior 
 occasions and the incident that led to charges, Respondent attacked the victim 
 at the home.  Accordingly, it is my opinion that prior bad acts were shown by 
 clear and convincing evidence.
Therefore, in my opinion, the Respondents prior bad acts 
 were properly admitted by the trial court.  Accordingly, I would affirm the 
 ruling of the trial judge and uphold Respondents conviction.