20608

The STATE, Respondent, v. Donald H. GASKINS, Jr., Appellant.
(242 S. C. (2d) 220)

See also, S. C., 242 S. E. (2d) 215.

*Ernest B. Hinnant* and *John S. Deberry,* of Florence, *for Appellant.*

*Daniel R. McLeod, Atty. Gen., Brian P. Gibbes, Joseph R. Barker,* and *Robert N. Wells, Jr., Asst. Attys. Gen.,* of Columbia, and *T. K. Summerford, Sol.,* of Florence, *for Respondent.*

February 15, 1978.

LITTLEJOHN, Justice:

The defendant-appellant, Donald H. Gaskins, Jr. (Gaskins) was charged with murdering Dennis Bellamy by shooting him with a gun on October 10, 1975. He was tried by a jury in May, 1976, found guilty and sentenced to death by electrocution. The trial, conviction and sentence were pursuant to § 16-52, Code of Laws of South Carolina (1962) *as amended* (Supp. 1975), which we refer to as the Act of 1974. He has appealed the conviction and sentence.

The appeal was set for hearing in this Court on Monday, January 9, 1978. Upon call of the case, his counsel announced that Gaskins had instructed him to withdraw the appeal. Notwithstanding the request, the Court ordered counsel to proceed to argue the matter. Written briefs had already been filed with the Court and oral arguments were heard to the satisfaction of counsel for both Gaskins and the State. Counsel for Gaskins was instructed to have his client verify the request in writing. Since that time, Gaskins has filed with this Court his affidavit, dated January 18, 1978, verifying the request that the appeal of the conviction be abandoned, and requesting ". . . the Court to return me for resentencing in line with the *Rumsey* procedure."

In light of the request, this Court would be justified in summarily dismissing the appeal as it relates to the conviction. We have, however, given full consideration to all of the exceptions raised in the appeal on its merits and find no basis for a reversal of the conviction, or the granting of a new trial. Accordingly, the conviction is affirmed.

The Act of 1974, in effect at the time of the wrongful killing and at the time of the trial of Gaskins, was declared unconstitutional as relates to the death sentence, on July 2, 1976, by the United States Supreme Court, in *Woodson v. North Carolina,* 428 U. S. 280, 96 S. Ct. 2978, and *Roberts v. Louisiana,* 428 U. S. 325, 96 S. Ct. 3001, 49 L. Ed. (2d) 974. We recognized the unconstitutionality of the Act of 1974, as it relates to the sentence, in *State v. Rumsey,* 267 S. C. 236, 226 S. E. (2d) 894 (1976, and in *State v. Hall,* S. C., 235 S. E. (2d) 112 (1977), and remanded for resentencing. Gaskins is entitled to a similar ruling and the same procedure. We affirm Gaskins' conviction of murder and reverse only the imposition of the death penalty, leaving him subject to the constitutional life sentence provision of the Act of 1974. The case is remanded to the General Sessions Court of Florence County for the purpose of sentencing Gaskins to life imprisonment.

See *State v. Rodgers and related cases,* filed herewith.

Affirmed in part; reversed in part; and remanded for resentencing.

LEWIS, C. J., and NESS, RHODES and GREGORY, JJ., concur.