22278

The STATE, Respondent, v. Jonathan HOFFMAN, Appellant.

(328 S. E. (2d) 631)

Supreme Court

*Deputy Appellant Defender William Isaac Diggs*, of *S. C. Office of Appellate Defense*, of Columbia, *for appellant.*

*Atty. Gen. T. Travis Medlock* and *Asst. Atty. Gen. Harold M. Coombs, Jr.*, Columbia, and *Sol. William Lee Ferguson*, York, *for respondent.*

Submitted Jan. 9, 1985.

Decided April 5, 1985.

*Per Curiam:*

Appellant appeals his armed robbery conviction. We affirm.

During the trial, the prosecution elicited testimony regarding an oral statement made by the appellant shortly after his arrest. Appellant contends that this testimony should have been excluded because the oral statement had not been disclosed to the defense under Circuit Court Rule 103.

Under Rule 103, the prosecution must disclose "the substance of any oral statement which the prosecution intends to offer in evidence at the trial made by the defendant whether before or after arrest in response to interrogation by any person then known to the defendant to be a prosecution agent."

The oral statement in this case was not made in response to interrogation. Therefore, the prosecution was not required to disclose the statement under Rule 103, and no error was committed in allowing the contested testimony.

The same result has been reached by federal courts applying Rule 16 of the Federal Rules of Criminal Procedure on which Rule 103 is based. *United States v. Reeves*, 730 F. (2d) 1189 (8th Cir. 1984); *United States v. Von Stoll*, 726 F. (2d) 584 (9th Cir. 1984); *United States v. Navar*, 611 F. (2d) 1156 (5th Cir. 1980).

Finding the allegation of error to be without merit, the judgment of the lower court is

Affirmed.