22570

The STATE, Respondent v. Frank MILLER, Appellant.

(345 S. E. (2d) 489)

Supreme Court

*Jack B. Swerling* and *Richard A. Harpootlian,* of *Swerling and Harpootlian,* Columbia, *for appellant.*

*Atty. Gen. T. Travis Medlock, Asst. Atty. Gen. Harold M. Coombs, Jr., Staff Atty. Norman Mark Rapoport,* and *Sol. James C. Anders,* Columbia, *for respondent.*

Submitted Feb. 24, 1986.

Decided June 16, 1986.

*Per Curiam:*

Appellant was convicted of two counts of distribution of heroin and sentenced to eighteen years imprisonment. Prior to trial, the trial court ordered appellant to supply the State with a list of proposed defense witnesses. Appellant argues this was error because Circuit Court Rule 103[1] does not authorize discovery of defense witnesses. We agree but affirm because we find no prejudice.

In construing Rule 103, this Court has looked to federal courts' interpretation of Rule 16 of the Federal Rules of Criminal Procedure on which Rule 103 is based. *State v. Hoffman,* 285 S. Ct. 130, 328 S. E. (2d) 631 (1985). There is no right to discovery in a criminal case unless permitted by statute or court rule. *State v. Flood,* 257 S. C. 141, 184 S. E. (2d) 549 (1971); *see also United States v. Layton,* 90 F.R.D. 520 (N. D. Cal. 1981) (court has no inherent authority to compel a defendant to provide pretrial discovery not specifically authorized in Rule 16 of the Federal Rules of Criminal Procedure). Rule 103 does not specifically permit the discovery of witness lists. Therefore, we hold the trial court erred in compelling appellant to provide a list of defense witnesses.

The error, however, does not require reversal of appellant's conviction. Appellant's only witness was JoAnn Williams, who led undercover officers to appellant in exchange for a police agreement to drop prostitution charges against her. Clearly, the State knew of Ms. Williams' involvement in the case and the substance of her testimony. Under these circumstances, the required disclosure of Ms. Williams' name was harmless error. *State v. Riggins,* 262 S. C. 466, 205 S. E. (2d) 376 (1974).

Appellant's remaining exceptions are without merit and are disposed of under Supreme Court Rule 23.

---

[1] Now Rule 8, Criminal Practice Rules.