STATE OF NORTH CAROLINA v. DERRICK KEITH USSERY

No. 926SC41

(Filed 2 June 1992)

1. **Narcotics § 4 (NCI3d) — offense within 300 feet of school — proof of school boundary**

   The evidence in a prosecution for the possession and sale of cocaine within 300 feet of school property was sufficient to show that the offenses occurred within 300 feet of the legal boundary of a school where a middle school principal and a school superintendent testified that a measurement of 242 feet was made from the boundary of the school to the site of the offenses, and that their identification of the boundary was based on a deed and plat of the property and on their experience in supervising the use of the school property.

   **Am Jur 2d, Drugs, Narcotics, and Poisons § 22.**

2. **Narcotics § 5 (NCI3d) — two purchases by undercover agent — separate offenses**

   Defendant could properly be convicted of two separate offenses of sale of cocaine within 300 feet of school property where an undercover agent made two purchases of cocaine from defendant within a short period of time.

   **Am Jur 2d, Drugs, Narcotics, and Poisons § 22.**

3. **Criminal Law § 109.1 (NCI4th) — requiring defendant to furnish list of witnesses — no error**

   The trial court did not err in requiring defendant to furnish a list of his potential witnesses to the State so that during *voir dire* the State and the court could ascertain the potential jurors' knowledge of and relationship to any witnesses that might be called to testify.

   **Am Jur 2d, Witnesses § 73.**

Social or business relationship between proposed juror and nonparty witness as affecting former's qualification as juror. 11 ALR3d 859.

**4. Appeal and Error § 411 (NCI4th) — alleged error in closing argument — omission of argument from record on appeal**

The appellate court is precluded from addressing alleged error in the prosecutor's closing argument where defendant failed to provide a transcript of the argument in question since appellate review is limited to what appears in the record or in the verbatim transcript of the proceedings. Appellate Rule 9(a).

**Am Jur 2d, Appeal and Error § 541.**

APPEAL by defendant from *Allsbrook (Richard B.), Judge.* Judgments entered 20 July 1991 in Superior Court, HALIFAX County. Heard in the Court of Appeals 14 May 1992.

Defendant was charged in proper bills of indictment with two counts each of possession of cocaine with intent to sell or deliver within 300 feet of school property, sale of cocaine within 300 feet of school property, and delivery of cocaine within 300 feet of school property, all in violation of G.S. 90-95(e)(8). The State presented evidence at trial which tends to show the following:

On 10 January 1991, Agent Geri Bowen of the Roanoke-Chowan Narcotics Task Force met with Captain Charles E. Ward, Detective Don Stanfield, Detective Ron Baird, and a confidential informant at the Farmer's Market in Halifax County. Baird gave Bowen $250.00 and instructed her to go to High's Grocery to attempt to buy drugs.

Bowen and the confidential informant proceeded to High's with the officers following. She arrived at High's at about 7:15 p.m. and the officers observed from the parking lot of Chaloner Middle School. Bowen asked a man, later identified as defendant, for Connie Parker. Defendant told her that Parker had already left and asked what she wanted. Bowen told defendant she wanted a "rock," the street term for cocaine. Defendant then went over to another man, got something, and returned to her. Defendant handed Bowen a plastic packet that contained an off-white, rock-like substance and she handed him twenty dollars. Bowen left the store and radioed the officers with a description of defendant. The officers advised Bowen to return and make another purchase. Bowen returned to

the store and asked defendant for another "rock." Defendant went to the other man and again returned with a plastic packet for which Bowen gave defendant twenty dollars. The substance in each of the packets was later identified as cocaine.

On about 9 July 1991, Principal Kathy Landen of Chaloner Middle School, Superintendent Mike Williams of the Roanoke Rapids Graded School District, Detective Stanfield, and Agent Bowen measured from the boundary of the Chaloner Middle School property to the spot where the drug purchases were made. Landen and Williams were familiar with the school's boundary because they had reviewed the plats and deed descriptions of the property and because of their experience in supervising the use of school property. The distance from the property to the spot where the purchases were made was 242 feet. Prior to trial, the distance was again measured and found to be 242 feet.

Defendant did not testify. He presented evidence that at the time of the alleged purchases he was undergoing treatment for a gunshot wound and had been advised to walk with the aid of crutches.

The jury found defendant guilty as charged, but the trial court arrested the judgments as to delivery of cocaine. In 91CRS1791, the trial court sentenced defendant to concurrent fifteen-year prison terms for the possession and sale charges. In 91CRS1792, the trial court sentenced defendant to concurrent fifteen-year prison terms for the additional possession and sale charges, and the sentences were ordered to run following the expiration of the sentences in 91CRS1791. Defendant appeals.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General K. D. Sturgis, for the State.*

*Appellate Defender Malcolm Ray Hunter, Jr., by Assistant Appellate Defender Teresa A. McHugh, for defendant, appellant.*

HEDRICK, Chief Judge.

[1] Defendant first argues that the trial court erred by denying his motions to dismiss because the evidence presented was insufficient. Specifically, defendant contends there was no evidence presented that the offense was committed within 300 feet of the legal boundary of a school. We disagree.

In ruling on a motion to dismiss, the trial court must determine whether the State presented substantial evidence of each element of the offense charged. *State v. Powell*, 299 N.C. 95, 261 S.E.2d 114 (1980). The evidence must be considered in the light most favorable to the State, and the State is entitled to every reasonable intendment and every reasonable inference to be drawn therefrom. *Id.*

In this case, an element of the offense charged is that the offense was committed "on property used for an elementary or secondary school or within 300 feet of the boundary of real property used for an elementary or secondary school . . . ." G.S. 90-95(e)(8). Principal Kathy Landen testified that a measurement was made from the boundary of Chaloner Middle School to the site of the offense. Her identification of the boundary was based on a deed and plat of the property and on the use of the property by the school. Likewise, Superintendent Mike Williams of the Roanoke Rapids Graded School District testified that the measurement was made from the boundary of the school as he knew it based on the deed and plat and on his experience in supervising the school. The distance was measured twice and found to be 242 feet. We hold this evidence was sufficient to show that the site of the drug purchases was within 300 feet of the boundary of real property used for a school. Defendant's argument is meritless.

[2] Defendant next argues the trial court should have dismissed one of the indictments because there was only one transaction. Specifically, defendant contends his right to due process was violated because an undercover agent made two purchases of cocaine within a short time of each other. We disagree.

Clearly, evidence of two separate offenses was presented in this case. Our Supreme Court has stated that relief may be granted "where, through vindictive prosecutorial abuse, criminal charges, arising out of the same course of conduct, have been arbitrarily stacked like pancakes, one upon another, with the result that the total punishment imposed is so disproportionate to his offenses as to violate that fundamental concept of fairness which is the basis of due process of law." *State v. Fulcher*, 294 N.C. 503, 526, 243 S.E.2d 338, 353 (1978). In this case, defendant's consecutive prison terms total thirty years. Since the trial court found there was an aggravating factor and no mitigating factors, defendant could have been sentenced to the maximum thirty years in prison

for any one of the offenses. For that reason, the total punishment is not so disproportionate as to violate defendant's right to due process. Defendant's argument is meritless.

Finally, defendant argues that the trial court erred by requiring him to provide a list of witnesses and by refusing to grant a mistrial based upon the prosecutor's closing argument. We disagree.

[3] Prior to jury selection, the State requested a list of defendant's potential witnesses and defendant objected. The trial court denied the objection and ordered defendant to furnish the State with the names. The trial court ordered the names to be divulged so that during *voir dire* of potential jurors the State and the court could ascertain the jurors' knowledge of and relationship to any witnesses that might be called to testify. A requirement that a defendant divulge the names of potential witnesses for this purpose is not in and of itself error or abuse of discretion. *See State v. Smith*, 320 N.C. 404, 358 S.E.2d 329 (1987).

[4] Defendant further contends the requirement that he divulge the names of potential witnesses was prejudicial to him because the prosecutor used the names during closing argument to show he did not call certain witnesses in his defense. Defendant has failed to provide a transcript of the closing argument in question. Our review is limited to what appears in the record or in the verbatim transcript of proceedings. N.C.R. App. P. 9(a). We cannot assume or speculate that there was prejudicial error when none appears on the record. *See State v. Moore*, 75 N.C. App. 543, 331 S.E.2d 251, *disc. review denied*, 315 N.C. 188, 337 S.E.2d 862 (1985). For that reason, we are precluded from addressing the alleged error in the prosecutor's closing argument. Defendant has failed to show the trial court erred by requiring him to provide a list of witnesses and by refusing to grant a mistrial based on the prosecutor's closing argument.

We hold defendant had a fair trial, free from prejudicial error.

No error.

Judges JOHNSON and WYNN concur.