<hr/>

23826

Kenneth L. CLARK, Petitioner v. STATE of South Carolina, Respondent.
(428 S.E. (2d) 870)

Supreme Court

*Deputy Chief Atty. Joseph L. Savitz, III of S.C. Office of Appellate Defense,* Columbia, *for petitioner.*

*Atty. Gen. T. Travis Medlock, Chief Deputy Atty. Gen. Joseph Shine, Asst. Atty. Gen. Delbert H. Singleton, Jr. and*

*Staff Atty. Teresa A. Knox,* Columbia, *for respondent.*

Submitted Jan. 15, 1993.

Decided March 22, 1993.

*Per Curiam:*

Petitioner seeks a writ of certiorari from the denial of his application for postconviction relief (PCR). We deny certiorari on petitioner's Question 2. Because there is sufficient evidence to support the PCR judge's finding that petitioner did not knowingly and intelligently waive his right to a direct appeal we grant certiorari on petitioner's Question 1 and proceed with a review of any direct appeal issues pursuant to *Davis v. State,* 288 S.C. 290, 342 S.E. (2d) 60 (1986).

On the direct appeal issues, counsel has submitted a brief pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed. (2d) 493 (1967), and a request to be relieved as counsel of record. While we agree with counsel's assessment that there is no direct appeal issue of arguable merit, we wish to comment on the issue raised in brief.

In his brief, petitioner asserts the State violated Rule 5, S.C.R.Crim.P., by failing to comply with his request to disclose prior to trial any statement he made to the police. We disagree.

Over petitioner's objection, Agent Crumpton testified at trial that, when served with the arrest warrants, petitioner noted the date of the warrants and "blurted out" that the charges were "trumped up" because he had been at work that day. The trial judge held the testimony was admissible because the statement was not made in response to interrogation.

Rule 5(a)(1)(A), S.C.R.Crim.P., provides, in relevant part, that, upon the request of the defendant, the State must disclose the substance of any oral statement made by the defendant in response to interrogation. However, where a defendant does not make an oral statement in response to interrogation, the State is not required to disclose the statement, and no error is committed by allowing testimony regarding it. *State v. Hoffman,* 285 S.C. 130, 328 S.E. (2d) 631 (1985).

Since the evidence shows the oral statement in this case was not made in response to interrogation but, rather, was a spontaneous utterance, the trial judge did not err in finding there was no violation of Rule 5, S.C.R.Crim.P. Accordingly, we dismiss this matter after review pursuant to *Anders* and grant counsel's petition to be relieved.

Dismissed.