■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TYRONE BAKER, Appellant. [621 NYS2d 615] —Judgment, Supreme Court, New York County (Daniel FitzGerald, J.), rendered May 21, 1993, convicting defendant, after a jury trial, of robbery in the second degree, and sentencing him, as a second felony offender, to a term of 6 to 12 years, unanimously affirmed.

Defendant's conviction was not against the weight of the evidence since the jury was plainly justified in rejecting defendant's version of the events. Defendant's argument that the prosecutor improperly exercised peremptory challenges to exclude homosexual prospective jurors is unpreserved (CPL 470.05 [2]). In any case, in making a Batson challenge, counsel for co-defendant failed to make a prima facie showing that the prosecutor had systematically excluded jurors in a discriminatory manner (People v Childress, 81 NY2d 263, 266). Also unpreserved is defendant's contention that the court erred in refusing to admit a statement by his co-defendant which his co-defendant sought to introduce as a declaration against his penal interest (CPL 470.05 [2]). In any case, since the co-defendant made the statement while in police custody solely in an effort to avoid prosecution for robbery, the trial court properly concluded that the statement was not against the co-defendant's penal interest. Further, since defendant never joined in his co-defendant's request that the court charge petit larceny as a lesser-included offense, this argument is unpreserved for appellate review (CPL 470.05 [2]). In any event, there was no reasonable view of the evidence that would support a finding that defendant committed the lesser offense but did not commit the greater (People v Glover, 57 NY2d 61, 63-64).

The court's Sandoval ruling, permitting the prosecutor to elicit the underlying facts of defendant's prior attempted

robbery conviction, constituted a proper exercise of discretion *(People v Rahman,* 62 AD2d 968, *affd* 46 NY2d 882). There is no merit to defendant's unpreserved argument that that prosecutor improperly exploited this *Sandoval* ruling by suggesting in cross-examination that defendant had a propensity to commit the crime charged. To the extent that the prosecutor made an improper propensity argument during her summation, this error was cured by the court's curative instructions. Defendant's remaining arguments concerning the impropriety of the prosecutor's summation remarks are unpreserved and, in any event, lack merit. Concur—Rosenberger, J. P., Kupferman, Nardelli and Tom, JJ.