501 S.E.2d 116

The STATE, Respondent,

v.

Ted Benjamin POWERS, Appellant.

No. 24804.

Supreme Court of South Carolina.

Heard March 17, 1998.

Decided June 8, 1998.

Rehearing Denied July 6, 1998.

Assistant Appellate Defender Robert M. Dudek, and Deputy Chief Attorney Joseph L. Savitz, both of the South Carolina Office of Appellate Defense, Columbia, for appellant.

Attorney General Charles M. Condon, Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Donald J. Zelenka, Senior Assistant Attorney General William Edgar Salter, III, Columbia, and Solicitor Donald V. Myers, Lexington, for respondent.

WALLER, Justice:

Powers was convicted of murder, first degree burglary, and assault and battery with intent to kill (ABIK). He was respectively sentenced to death, life imprisonment and twenty years. We consolidate Powers' direct appeal with our mandatory review of his death sentence. We affirm.

## FACTS

In the early morning hours of September 8, 1990, Powers, then 16 years old, broke into the home of 68 year old Yeoman Senn (Victim) and his wife Linnie. He went to their bedroom where he stabbed Victim 10 times in the chest, shoulder and arm; one of the wounds slashed Victim's aorta; he bled to death. Linnie Senn was beaten in the face and chest and suffered a broken collar bone and 6 fractured ribs. Powers stole several dollars in small change from the Senn's home.

While in custody on larceny charges in January, 1991, Powers confessed to Yeoman Senn's murder. The matter was transferred from juvenile court to general sessions court where, after a trial in February, 1996, Powers was sentenced to death.

## ISSUES

1. Did the State's strike of Juror # 28 violate *Batson v. Kentucky?* [1]

2. Did the court err in requiring Powers, for purposes of jury selection, to reveal his witness list?

---

1. 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986).

3. Does the State's delay in filing a notice of intent estop it from seeking a death sentence?

4. Should the trial court have held an *in camera* hearing to determine the admissibility of victim impact testimony?

5. Did the court err, at sentencing, in admitting color photographs of the victim?

6. Did the court err, at sentencing, in admitting a video-tape of the crime scene?

7. Did the court err in refusing to permit defense counsel to specifically *voir dire* the jury as to whether it would consider Powers' age as a mitigating circumstance?

## 1. JUROR # 28

■ Powers contends the state's strike of Juror # 28 violated *Batson v. Kentucky,* and *Georgia v. McCollum,* 505 U.S. 42, 112 S.Ct. 2348, 120 L.Ed.2d 33 (1992). This issue is patently unpreserved for review.

After both sides had exercised peremptory challenges and a jury had been chosen, the trial court asked, "[w]hat is the position of the defense in regard to a *Batson* hearing? Do you request one or not?" Counsel for Powers specifically responded, "[w]e do not make a *Batson* challenge." The trial court nonetheless required the solicitor to articulate the reasons for his peremptory challenges. After the solicitor had stated the basis for his strikes, the trial court asked if the defense "wanted to put anything on the record in regard to solicitor's presentation." Defense counsel declined.

■ Powers' failure to raise any objection to the strike precludes review of this issue on appeal. *State v. Williams,* 321 S.C. 455, 469 S.E.2d 49 (1996); *State v. Johnston,* 327 S.C. 435, 489 S.E.2d 228 (Ct.App.1997) (failure to object to dismissal of juror in violation of *Batson* and *Georgia v. McCollum* constitutes waiver of those issues on appeal). *See also People v. Baker,* 211 A.D.2d 602, 621 N.Y.S.2d 615 (1995) (argument that prosecutor improperly exercised peremptory challenges to exclude homosexual prospective jurors unpreserved). Contrary to Powers' contention, the mere fact that jurors have an equal protection right to serve does not relieve him of the burden of preserving the issue for appeal. *See State v.*

*McWee,* 322 S.C. 387, 472 S.E.2d 235 (1996); *State v. Byram,* 326 S.C. 107, 485 S.E.2d 360 (1997) (failure to raise constitutional issues at trial results in waiver on appeal). Accordingly, we decline to address this issue.

## 2. WITNESS LIST

■ The trial court ordered "that the State and the defendant present to the Court and identify to the Court all witnesses to be called at trial so that I can qualify this jury with some degree of accuracy and pursuant to the law." Powers contends this ruling conflicts with our holdings in *State v. Miller,* 289 S.C. 316, 345 S.E.2d 489 (1986) and *State v. Hall,* 268 S.C. 524, 530, 235 S.E.2d 112, 114 (1977). We disagree.

In *Miller,* we held it is error to require, prior to trial, that the defendant supply the state with a list of his witnesses.[2] In *Hall,* 268 S.C. 524, 530, 235 S.E.2d 112, 114 (1977), we held a defendant is not required to announce in advance the nature of his defense. *Miller* and *Hall* are inapposite. Here, Powers was not required to reveal, as a matter of pretrial discovery, his witness list to the state, nor was he required to announce the nature of his defense. He was merely required at the outset of trial to disclose his witnesses to the court for purposes of jury selection.

■ It is the duty of the trial judge to see that a jury of unbiased, fair and impartial persons is impaneled. *State v. Matthews,* 291 S.C. 339, 353 S.E.2d 444 (1986); *State v. Caldwell,* 300 S.C. 494, 388 S.E.2d 816 (1990). The determination of whether a juror is qualified to serve on a death penalty case is within the sole discretion of the trial judge and is not reversible on appeal unless wholly unsupported by the evidence. *State v. Plemmons,* 286 S.C. 78, 332 S.E.2d 765 (1985), *vacated on other grounds,* 476 U.S. 1102, 106 S.Ct. 1943, 90 L.Ed.2d 353 (1986); *State v. Spann,* 279 S.C. 399, 308 S.E.2d 518 (1983).

---

**2.** *Miller* dealt with former Circuit Court rule 103, now Rule 5, SCRCrimP. Rule 5 is inapplicable here; it deals with pre-trial discovery of documents in a criminal case; it does not address disclosure of witness lists during *voir dire* for purposes of jury selection.

Although we have not previously addressed this issue, other courts have mandated a defendant divulge his witness list prior to *voir dire* of the jury. *See State ex rel Hill v. Reed,* 199 W.Va. 89, 483 S.E.2d 89 (1996) (lower court acted within its discretion in ordering state and petitioner to provide the court with a list of witnesses on the first day of trial prior to *voir dire* of jury); *People v. Cangiano,* 131 Misc.2d 930, 502 N.Y.S.2d 349 (1986) (disclosure of prospective witnesses is required to determine whether any prospective juror is related to or knows any one of them and may be challenged for cause,[3] and disclosure immediately prior to jury selection cannot prejudice defense absent extraordinary circumstances); *State v. Ussery,* 106 N.C.App. 371, 416 S.E.2d 610 (1992) (no abuse of discretion in requirement that defendant divulge potential witnesses for *voir dire* purposes); *People v. Perry,* 210 Ill.App.3d 773, 155 Ill.Dec. 287, 569 N.E.2d 287 (1991); *Com. v. Larsen,* 452 Pa.Super. 508, 682 A.2d 783 (1996). *See also Mau v. North American Asbestos Corporation,* 156 Ill. App.3d 926, 109 Ill.Dec. 273, 509 N.E.2d 1112 (1987) (list of witnesses is not "work product" and statute limiting disclosure of witnesses applied only to pretrial discovery). We find the trial court acted within its discretion in requiring disclosure of Powers' witness list during jury selection.

### 3. ESTOPPEL TO SEEK DEATH PENALTY

■ Powers next asserts the trial court erred in denying his motion to estop the state from seeking the death penalty where it failed to serve him with a "Notice of Intent To Seek The Death Penalty" for more than three years after his indictment. We find no estoppel.

■ Powers' failure to raise a speedy trial motion precludes review of this issue. *State v. Burroughs,* 328 S.C. 489, 492 S.E.2d 408 (1997).

In any event, the only notice requirement for the state to seek the death penalty is that the defendant be given 30 days notice prior to trial. S.C.Code Ann. § 16–3–26(A) (Cum.Supp. 1996); *State v. Young,* 319 S.C. 33, 459 S.E.2d 84 (1995).

---

3. Notably, in the present case, the trial court struck one juror for cause after the defense disclosed its witnesses.

Powers claims, citing *Riggins v. Nevada*, 504 U.S. 127, 112 S.Ct. 1810, 118 L.Ed.2d 479 (1992), that the jury "was entitled to see the true demeanor of the defendant at the time that the crime was committed." *Riggins* merely held that forced medication, during trial, denies a defendant due process unless it is essential to medicate the defendant to enable him to be tried. *Riggins* is inapplicable.

As Powers was given the notice required by section 16–3–26, the trial court properly ruled the state was not estopped to seek the death penalty.

### 4. VICTIM IMPACT EVIDENCE

■ Powers next contends the trial court erred in failing to hold an *in camera* hearing on the admissibility of the state's victim impact evidence. We disagree.

■ This Court has never required an *in camera* hearing prior to admitting victim impact evidence, and the cases implicitly recognize that such a hearing is not necessary. *See State v. Byram*, 326 S.C. 107, 485 S.E.2d 360, 365 (1997). On the contrary, we have held it is within the trial judge's discretion whether to rule on the admissibility of evidence prior to its being offered in the regular course of the trial. *State v. Bridges*, 278 S.C. 447, 298 S.E.2d 212 (1982). We have also recognized that in all situations other than an assault on the voluntariness of a confession, the granting of a motion for a suppression hearing is a matter committed to the discretion of the trial judge. *State v. Patton*, 322 S.C. 408, 472 S.E.2d 245 (S.C.1996), *citing United States v. Odom*, 736 F.2d 104, 110 (4th Cir.1984). *See also State v. Silver*, 307 S.C. 326, 414 S.E.2d 813 (Ct.App.1992), *aff'd as modified*, 314 S.C. 483, 431 S.E.2d 250 (1993) (criminal defendant does not have an absolute right to a pretrial, *in camera* hearing and ruling on an in limine motion to exclude breathalyzer results in a DUI trial). We hold it is within the trial court's discretion whether to hold an *in camera* prior to admitting victim impact evidence.

■ Moreover, the victim impact evidence in this case was properly admitted. The entirety of the evidence presented was the brief testimony of Senn's daughter, Deborah, and his

wife, Linnie. This testimony was well within the parameters of previous cases of this state, and was permissible to demonstrate Mr. Senn's uniqueness as a human being and the impact his death had on his family. *See State v. Rocheville,* 310 S.C. 20, 425 S.E.2d 32, *cert. denied,* 508 U.S. 978, 113 S.Ct. 2978, 125 L.Ed.2d 675 (1993) (victim impact evidence served purpose of showing the specific harm committed by the defendant and merely portrayed victims as unique individuals); *Riddle v. State,* 314 S.C. 1, 443 S.E.2d 557, *cert. denied,* 513 U.S. 1003, 115 S.Ct. 518, 130 L.Ed.2d 424 (1994) (testimony of victim's stepdaughter regarding victim's standing in the community, victim's grandchildren, and the impact the crime personally had on stepdaughter was relevant to establish the victim as a unique human being and to show specific harm committed by defendant); *State v. Ivey,* 325 S.C. 137, 481 S.E.2d 125 (1997) (testimony of victim's mother that victim pled for his life and that his death was useless held permissible). We find no error.

## 5. COLOR PHOTOGRAPHS

Powers next asserts 6 color photographs admitted at the sentencing phase of his trial were so gruesome and prejudicial as to require reversal. We disagree.

■■■■■ The relevance, materiality and admissibility of photographs are matters within the sound discretion of the trial court. If the photographs serve to corroborate testimony, it is not an abuse of discretion to admit them. *State v. Tucker,* 319 S.C. 425, 428, 462 S.E.2d 263, 265 (1995); *State v. Nance,* 320 S.C. 501, 466 S.E.2d 349, *cert. denied,* 518 U.S. 1026, 116 S.Ct. 2566, 135 L.Ed.2d 1083 (1996). A photograph should be excluded only if it is calculated to arouse the jury's sympathy or prejudice or is irrelevant or unnecessary to substantiate facts. *State v. Todd,* 290 S.C. 212, 349 S.E.2d 339 (1986). Photographs of the victim's body are admissible in the sentencing phase of a capital trial to show the circumstances of the crime and the character of the defendant. *State v. Kornahrens,* 290 S.C. 281, 350 S.E.2d 180 (1986). The trial judge must balance the prejudicial effect of the photographs against their probative value. However, the scope of the probative value is much broader during the sentencing phase

of a capital trial. *State v. Williams,* 321 S.C. 327, 468 S.E.2d 626 (1996).

■ We have viewed the photos and, although they are not pleasant, they depict the victim's body in substantially the same condition as Powers left it, and are relevant to demonstrate the circumstances of the crime. The autopsy photographs corroborate the pathologist's testimony describing the wounds Victim received. Accordingly, we find the photos were properly admitted.

Powers contends, citing *State v. Franklin,* 318 S.C. 47, 456 S.E.2d 357 (1995), that photographs are admissible **only** to demonstrate an aggravating circumstance in the case. We disagree. Although *Franklin* held certain color photographs admissible **because** they served to demonstrate the aggravating circumstance of torture, *Franklin* does not stand for the proposition that such photographs may be admitted **only** to demonstrate an aggravating circumstance. Such a holding would be contrary to the majority of this Court's opinions addressing the admissibility of color photos at the sentencing phase of a capital trial and finding them relevant and admissible so long as they demonstrate the circumstances of the crime and the character of the defendant, or they depict the victim's body in substantially the same condition in which the defendant left it. *State v. Tucker, supra, State v. Williams, supra; State v. Kornahrens; Riddle v. State* 314 S.C. 1, 443 S.E.2d 557 (1994); *State v. Gilbert,* 277 S.C. 53, 283 S.E.2d 179 (1981). *See also State v. Shaw,* 273 S.C. 194, 255 S.E.2d 799 (1979) (photographs depicting post-mortem abuse to victim's body properly admitted, **not as additional evidence in aggravation of punishment,** but as evidence of the circumstances of the crime and the characteristics of the individual defendant). Accordingly, we find the photos were properly admitted.

## 6. VIDEOTAPE

■ Powers next asserts error in the admission of a videotape, at sentencing, of the crime scene as police found it in the early morning hours of Sept. 8, 1990. The videotape depicts Victim's body exactly as police found it, and is not unduly gruesome. We find the videotape permitted the jury

to gain a true perspective of the scene precisely as Powers left it. Accordingly, it was properly admitted. *Accord State v. Kelley,* 319 S.C. 173, 460 S.E.2d 368 (1995).

Moreover, unlike still photographs, the videotape allowed the jury to gain a dimensional viewpoint, *accord Camargo v. State,* 327 Ark. 631, 940 S.W.2d 464 (1997); *Flores v. State,* 915 S.W.2d 651 (Tex.App.1996) (generally, videotapes give a more panoramic representation of the evidence than a still photograph and, thus, may be more helpful to the jury than a still photo), and sheds light on the violence done to the victim. *See Williams v. State,* 316 Ark. 694, 874 S.W.2d 369 (1994) (videotape and photographs showed the nature and extent of wounds which were relevant to showing the defendant's intent as could be inferred from the type of weapon used, the manner of use, and the nature, extent and location of wounds); *Wellons v. State,* 266 Ga. 77, 463 S.E.2d 868 (1995) (videotape showing location of body and murder scene was probative of defendant's intent and mental state). *See generally* Allen, *Admissibility of Visual Recording,* 41 A.L.R.4th 877, § 11(a) (1985). Admission of the videotape was proper.

### 7. *VOIR DIRE* RE MITIGATING CIRCUMSTANCES

■ Powers contends, citing *Morgan v. Illinois,* 504 U.S. 719, 112 S.Ct. 2222, 119 L.Ed.2d 492 (1992), that he should have been permitted to ask prospective jurors their **opinion** of various mitigating circumstances. We recently rejected an identical contention in *State v. David Clayton Hill,* 331 S.C. 94, 501 S.E.2d 122 (1998). *See also State v. Patterson,* 324 S.C. 5, 482 S.E.2d 760 (1997) (upholding trial court's limitation of *voir dire* regarding mitigating circumstances).

As noted by our opinion in *Hill, Morgan v. Illinois* does not require the questioning concerning specific mitigating factors. *Morgan* merely recognized that a capital defendant may challenge for cause any prospective juror who indicates he or she will **automatically** vote for death in every case.[4] *Morgan*

---

4. Recently, in *State v. Bennett,* we reversed a sentencing phase proceeding where a juror's response to *voir dire* indicated that if eleven other jurors so voted, he would **always** go along with the majority and vote for a sentence of death. Under these circumstances, we found he

does not, however, stand for the proposition that a defendant is entitled to open-ended inquiry regarding a prospective juror's sentiments on each and every possible aggravating and mitigating circumstance. Other courts have specifically rejected an identical contention. *See State v. Skipper,* 337 N.C. 1, 446 S.E.2d 252, *cert. denied* 513 U.S. 1134, 115 S.Ct. 953, 130 L.Ed.2d 895 (N.C.1995) (holding that *Morgan* does not require a defendant to be permitted to *voir dire* jurors regarding how they would be affected by evidence of mental impairment, age, and other mitigating circumstances, since such questions would "stake out" juror and pledge him to a future course of action; general questions as to whether juror would consider mitigating circumstances as charged by the judge are sufficient); *State v. Wilson,* 74 Ohio St.3d 381, 659 N.E.2d 292 (1996) (*Morgan* does not require individual *voir dire* on separate mitigating factors); *State v. Kreutzer,* 928 S.W.2d 854 (Mo.1996).

Here, Powers was permitted to question jurors if they would consider aggravating and mitigating circumstances as charged by the trial court; and was specifically permitted to ask if they would consider age as a mitigating circumstance if so charged by the judge. The trial court acted within its discretion in limiting the scope of *voir dire* in this case. *State v. Patterson, supra* (manner and scope of additional voir dire are matters within trial court's discretion).

Powers remaining issues are affirmed pursuant to Rule 220(b), SCACR, and the following authorities: Powers' Issue 4 (Notice of Prior Bad Acts)—*State v. Gaskins,* 284 S.C. 105, 326 S.E.2d 132 (1985); *State v. Plath,* 277 S.C. 126, 284 S.E.2d 221 (1981); Powers' Issue 5 (Polygraph)—*State v. Pressley,* 290 S.C. 251, 349 S.E.2d 403 (1986); *State v. Copeland,* 278 S.C. 572, 300 S.E.2d 63 (1982); Powers' Issue 9 (Solicitor's closing)—*State v. Franklin,* 318 S.C. 47, 456 S.E.2d 357 (1995); *State v. Bell,* 302 S.C. 18, 393 S.E.2d 364 (1990).

## CONCLUSION

 Powers' convictions and sentences are affirmed. We have conducted the proportionality review required by

---

would "automatically" vote for death such that he was not qualified. *State v. Bennett,* 328 S.C. 251, 493 S.E.2d 845 (1997).

S.C.Code Ann. § 16–3–25(c) (1985). The death sentence in this case is proportionate to that in similar cases and is neither excessive nor disproportionate to the crime. *State v. Wright,* 322 S.C. 253, 471 S.E.2d 700 (1996); *State v. Conyers,* 326 S.C. 263, 487 S.E.2d 181 (1997); *State v. Byram,* 326 S.C. 107, 485 S.E.2d 360 (1997); *State v. Nance,* 320 S.C. 501, 466 S.E.2d 349, *cert. denied,* 518 U.S. 1026, 116 S.Ct. 2566, 135 L.Ed.2d 1083 (1996).

**AFFIRMED.**

TOAL, MOORE, BURNETT, JJ., and Acting Associate Justice L. HENRY McKELLAR, concur.