THIS OPINION HAS NO
 PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 v.
 Erik M. Morrow, Appellant.
 
 
 

Appeal From Greenville County
 Larry R. Patterson, Circuit Court Judge

Unpublished Opinion No. 2011-UP-117
 Submitted March 1, 2011  Filed March 23,
2011    

AFFIRMED

 
 
 
 Appellate Defender Elizabeth A. Franklin-Best, of Columbia, for
 Appellant.
 Attorney General Alan Wilson, Chief Deputy Attorney General John
 W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, and Senior
 Assistant Attorney General Harold M. Coombs, Jr., all of Columbia; and Solicitor
 Robert Mills Ariail, of Greenville, for Respondent.
 
 
 

PER CURIAM: Erik M.
 Morrow appeals his convictions for trafficking crack cocaine, possession of
 cocaine with intent to distribute, distribution of cocaine, and acting as a
 habitual traffic offender.  First, he argues the circuit court abused its
 discretion by denying his motion for a continuance because that denial deprived
 him of effective assistance of counsel.  Second, he contends the State violated
 his constitutional right to a speedy trial.  We affirm pursuant to Rule
 220(b)(1), SCACR and the following authorities:[1]
1. As to whether the
 circuit court abused its discretion by denying Morrow's motion for a
 continuance: State v. Ravenell,  387 S.C. 449, 455, 692 S.E.2d 554, 557 (Ct. App. 2010) ("The trial court's denial of a motion for a
 continuance will not be disturbed on appeal absent a clear abuse of
 discretion." (citation omitted)); see
 also Rule 7(a)-(b), SCRCrimP (providing that a
 circuit court may not grant a continuance motion based upon the absence of a
 witness unless the movant, his counsel, or his agent makes the motion in
 writing and swears to the oath required by the Rule 7(b), SCRCrimP); State
 v. Babb, 299 S.C. 451, 454-55, 385 S.E.2d 827, 829 (1989) ("When a motion for a continuance is based upon the
 contention that counsel for the defendant has not had time to prepare his case
 its denial by the trial court has rarely been disturbed on appeal." (internal quotation marks omitted) (citation omitted)). 
2. As
 to whether the State violated Morrow's right to a speedy trial, we affirm
 pursuant to Rule 220(b)(1), SCACR, and the following authority: State v. Powers,
 331 S.C. 37, 44, 501 S.E.2d 116,
 119 (1998) (holding the failure to raise a speedy trial
 issue to a circuit court precludes review of that issue on appeal).
AFFIRMED.  
HUFF,
 SHORT, and PIEPER, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.