**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Iradelle James, Appellant.

Appellate Case No. 2014-001921

———————————

Appeal From Edgefield County
W. Jeffrey Young, Circuit Court Judge

———————————

Unpublished Opinion No. 2016-UP-420
Submitted September 1, 2016 – Filed October 5, 2016

———————————

**AFFIRMED**

———————————

Appellate Defender Tiffany Lorraine Butler, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Jennifer Ellis Roberts, both of Columbia; and Solicitor Donald V. Myers, of Lexington, for Respondent.

———————————

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Edwards*, 384 S.C. 504, 508, 682 S.E.2d 820, 822 (2009) ("In

criminal cases, this [c]ourt will review errors of law only."); *id.* ("On review, this [c]ourt is limited to determining whether the trial court abused its discretion."); Rule 5(a)(1)(A), SCRCrimP ("Upon request by a defendant, the prosecution shall permit the defendant to inspect . . . the substance of any oral statement [that] the prosecution intends to offer in evidence at the trial made by the defendant whether before or after arrest in response to interrogation by any person then known to the defendant to be a prosecution agent."); *Clark v. State*, 311 S.C. 314, 315, 428 S.E.2d 870, 871 (1993) ("However, whe[n] a defendant does not make an oral statement in response to interrogation, the State is not required to disclose the statement, and no error is committed by allowing testimony regarding it.").[1]

**AFFIRMED.**[2]

**WILLIAMS, THOMAS, and GEATHERS, JJ., concur.**

---

[1] James's arguments regarding the State's alleged improper assertions and the trial court's alleged improper comments at the suppression hearing are unpreserved because James failed to raise them to the trial court. *See State v. Dunbar*, 356 S.C. 138, 142, 587 S.E.2d 691, 693 (2003) ("In order for an issue to be preserved for appellate review, it must have been raised to and ruled upon by the trial [court]."); *id.* at 142, 587 S.E.2d at 694 ("A party may not argue one ground at trial and an alternate ground on appeal.").

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.