**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Arthur Jason Bowers, Appellant.

Appellate Case No. 2018-000868

Appeal From Laurens County
Donald B. Hocker, Circuit Court Judge

Unpublished Opinion No. 2020-UP-196
Submitted May 8, 2020 – Filed June 24, 2020

**AFFIRMED**

Appellate Defender Susan Barber Hackett, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Deputy Attorney General Donald J. Zelenka, Senior Assistant Deputy Attorney General Melody Jane Brown, and Assistant Attorney General Sherrie Butterbaugh, all of Columbia; and Solicitor David Matthew Stumbo, of Greenwood, for Respondent.

**PER CURIAM:**  Arthur Jason Bowers was convicted of murder, armed robbery, and conspiracy.  He was sentenced to fifty years' imprisonment on the first charge, thirty years' on the second, and five years' on the third; all to run concurrent.

The crimes occurred in 2003, when Bowers was seventeen.  He was indicted shortly thereafter and the charges were initially dismissed, but prosecutors took the case up again years later.  The trial occurred in 2018, when Bowers was thirty-two.

In this direct appeal, Bowers claims his sentence is for all intents and purposes a life sentence without the possibility of parole.  Bowers believes it is more likely that he will die in prison than live to reach his projected release date.  Section 16-3-20 of the South Carolina Code (2015) makes him ineligible for parole.

Bowers argues this makes his sentence unconstitutional under the Eighth Amendment of the United States Constitution and under the South Carolina Constitution.  In his view, a sentencing court may not impose the functional equivalent of a life without parole sentence without conducting an individualized sentencing proceeding and considering "the mitigating hallmark features of youth" pursuant to *Aiken v. Byars*, 410 S.C. 534, 545, 765 S.E.2d 572, 578 (2014).

While this appeal was in briefing, our state's supreme court decided *State v. Slocumb*, 426 S.C. 297, 827 S.E.2d 148 (2019).  That case held *Aiken* did not apply to "de facto" life sentences—lengthy prison sentences when a prisoner's parole eligibility falls outside his projected life expectancy.  *Id.* at 314-15, 827 S.E.2d at 157.

*Slocumb* directly forecloses the Eighth Amendment argument Bowers makes here.  Accepting as true Bowers's argument that he is unlikely to live long enough to reach his projected release date, *Slocumb* says the trial court was not required to consider Bowers's youth before imposing such a lengthy sentence.

We decline to reach Bowers's argument that his sentence violates the South Carolina Constitution.  Bowers did not make a contemporaneous objection below.  Thus, there was no argument—either generic or specific—that the sentence was unconstitutional.  Multiple authorities recognize that issues may not be raised for the first time on appeal and that error preservation rules apply to constitutional arguments.  *See* Rule 220(b), SCACR (stating issues must be preserved in the record to be addressed on appeal); *e.g.*, *State v. Powers*, 331 S.C. 37, 42-43, 501 S.E.2d 116, 118 (1998) (stating "failure to raise constitutional issues at trial results in waiver on appeal").

**AFFIRMED.**[1]

**LOCKEMY, C.J., and KONDUROS and HEWITT, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.