**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Gerika Clay, Appellant,

v.

South Carolina Department of Social Services,
Respondent.

Appellate Case No. 2020-001457

———————

Appeal From Greenville County
Katherine H. Tiffany, Family Court Judge

———————

Unpublished Opinion No. 2023-UP-233
Submitted February 1, 2023 – Filed June 14, 2023

———————

**AFFIRMED**

———————

Kenneth Philip Shabel, of Kennedy & Brannon, P.A., of
Spartanburg, for Appellant.

Laura J. Drew, of Columbia, for Respondent.

———————

**PER CURIAM:**  This is a family court action filed by Gerika Clay for judicial review of the finding against her for physical neglect of a foster child by the South Carolina Department of Social Services (DSS).  Clay appeals, arguing the family court erred in (1) failing to find error by the DSS hearing officer for considering evidence not considered in DSS's initial findings and (2) finding her constitutional

argument was not preserved for review.  We affirm pursuant to Rule 220(b), SCACR.

1.      As to Clay's argument that the family court erred in failing to reverse DSS's finding of physical neglect because the DSS hearing officer considered evidence not considered in DSS's initial findings, we affirm.  In investigating a case of abuse or neglect in a foster home, the "[i]ndicated reports must be based upon a finding that abuse or neglect is supported by a preponderance of the evidence . . . ."  S.C. Code Ann. § 63-7-1210(B) (2010).  We find the governing regulations clearly contemplate additional evidence may be presented at the hearing.  For instance, discovery is permitted.  S.C. Code Ann. Regs. 114-130(G)(5) (2012).  In addition, the hearing officer may rule on the admissibility of evidence, permit depositions to be taken, and examine witnesses.  S.C. Code Ann. Regs. § 114-130(E)(2)(d),(f) & (j) (2012).  Furthermore, "[e]ach party shall have the opportunity to present documentary evidence and witnesses . . . ."  S.C. Code Ann. Regs. 114-130(I)(3)(b) (2012).  Like the family court, we find no merit to Clay's argument that the hearing officer was restricted solely to evidence related to the initial finding of physical neglect.  In addition, under our own view of the preponderance of the evidence, we likewise find physical neglect.  *See Lewis v. Lewis*, 392 S.C. 381, 386, 709 S.E.2d 650, 652 (2011) (explaining this court reviews family court matters de novo); *id*. (explaining under our de novo review, the "appellate court may take its own view of the preponderance of the evidence").  We find this standard of review applies to us when the family court sits in an appellate capacity. *See generally In re. Est. of Kay*, 423 S.C. 476, 481, 816 S.E.2d 542, 545 (2018) (holding that when "the circuit court, sitting in a purely appellate capacity, . . . affirms the findings of a lower tribunal[,] . . . the applicable standard of review is the same as in other equity matters, and the appellate courts of this state may take their own view of the preponderance of the evidence").

2.      As to Clay's argument that section 63-7-1230 of the South Carolina Code (2010) violates the Equal Protection Clauses of the United States and South Carolina Constitutions, we affirm.  The family court found this argument was not preserved for its review because Clay raised the argument for the first time to the family court, which was sitting in its appellate capacity.  We find no error.  A challenge to the constitutionality of a statute must be raised to be preserved for appellate review.  *See Dorman v. S.C. Dep't of Health & Env't Control*, 350 S.C. 159, 170–71, 565 S.E.2d 119, 125 (Ct. App. 2002) (finding constitutional issues not raised to the administrative law court were not preserved for appellate review); *State v. Powers*, 331 S.C. 37, 42–43, 501 S.E.2d 116, 118 (1998) (finding constitutional arguments are no exception to the error preservation rule); *Hill v.*

*S.C. Dep't of Health & Env't Control*, 389 S.C. 1, 19, 698 S.E.2d 612, 622 (2010) (finding an equal protection issue not preserved for review by the circuit court sitting in an appellate capacity because the appellant had not shown the issue was raised to and ruled upon by the administrative law court); *Bazen v. Badger R. Bazen Co.*, 388 S.C. 58, 65, 693 S.E.2d 436, 440 (Ct. App. 2010) (finding an issue not raised to the workers' compensation commission was not preserved for the circuit court's appellate review).

**AFFIRMED.**[1]

**THOMAS, MCDONALD, and HEWITT, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.